RICHARD C. BURNE, Plaintiff, *v.* VAN RAALTE COMPANY, INC., Defendant.

First Department, July 14, 1922.

Sales — contract to manufacture and sell gloves made subject to release in case of inability to fill orders in consequence of strike — strike occurred in defendant's plant — subsequent agreement by defendant to ship entire order at advanced price founded on good consideration — plaintiff received and paid for shipments without objection after increase — payment of increase made voluntarily and cannot be recovered — prompt repudiation of agreement induced by duress is required — payment voluntarily made with knowledge of facts cannot be recovered.

The plaintiff entered into a contract with the defendant whereby it was agreed that the defendant should manufacture and sell to the plaintiff a specified quantity of silk gloves and the contract contained the provision that " All

orders accepted subject to release in case of inability to fill in consequence of Fire, Strikes," etc. A strike occurred in the plant of the manufacturer and thereafter the plaintiff was notified that unless he agreed to pay a flat advance of fifteen per cent, deliveries would be made only to the extent of fifty per cent of the balance of the order. It appeared that the plaintiff had resold the gloves and could not obtain gloves elsewhere within sufficient time to comply with his obligation to his customers and that the price of gloves had advanced. The plaintiff agreed, in writing, to pay the fifteen per cent increase in the price and thereafter received several shipments and paid for them without objection or protest. This action was brought to recover the amount paid by the plaintiff in excess of the original contract price.

*Held,* that the agreement to pay the increase in price was founded on a good and valuable consideration, *first,* in the promise to deliver the whole order, instead of so much thereof as defendant could have been called upon to deliver in view of the reduced production due to the strike, and *second,* in the promise to ship the entire balance in full at the earliest possible date.

The payment of the increase in price was not made under coercion but was a voluntary payment, for the plaintiff was under no obligation, under his theory of the contract, to make the payment in question but had the right to insist upon the full performance thereof at the agreed price, and in case of the failure of the defendant to perform he had an adequate remedy by action for damages, in which he could have recovered from the defendant, who was financially responsible, the damages that he suffered, and furthermore, duress did not exist in the way of compulsion by reason of immediate necessity for avoiding consequences for which no other means of relief were available.

Furthermore, if the plaintiff claimed that he was compelled to make the new contract by reason of duress, it was his duty to act promptly in repudiating the agreement and his subsequent acts thereunder in receiving and paying the increased price constitute a ratification of the agreement.

A payment, voluntarily made with full knowledge of existing facts, and without any protest whatever upon the part of the party paying, cannot be recovered back.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Celler & Kraushaar* [*Meyer Kraushaar* of counsel; *Emanuel Celler* with him on the brief], for the plaintiff.

*Bennet & Wattenberg* [*A. M. Wattenberg* of counsel], for the defendant.

DOWLING, J.:

On or about July 30, 1919, plaintiff, who was a jobber in gloves, entered into a written contract with the Clark Textile Company, defendant's predecessor, for the manufacture and sale by the Clark Company to plaintiff of 2,037 dozen silk gloves and eighteen sets of samples of eight numbers, each set containing various colors as therein specified, amounting to 2,244 dozen in all, to be delivered in March, April and May, 1920, all or any part earlier if possible. The terms were eight per cent discount for cash the fifteenth of the

month following the month of delivery. The contract contained the following printed provision:

" All orders accepted subject to release in case of inability to fill in consequence of Fire, Strikes, Accident, Government Orders or other cause. In case of only partial delivery, such delivery should be paid for by customer.

" Should any duty or tax be imposed by the United States on raw silk, or tax on manufactured gloves, prices on this order are subject to revision.

" This order not subject to cancellation in whole or part unless by mutual consent."

Thereafter a strike occurred in the plant of the Clark Company which lasted nineteen and a half weeks, and on or about December 1, 1919, defendant acquired the manufacturing plant of the Clark Company and took over the contract in question, assumed performance of the same and thereafter entered upon the performance thereof and delivered 680 dozen gloves to plaintiff pursuant thereto. On January 6, 1920, plaintiff sent to defendant a latter asking the latter to let him know by return mail what part of the order was in work and when it expected to deliver the same, and requested that defendant hurry up all mousquetaire gloves and the two-clasp milanese. To this defendant replied that its mill advised it that the order was placed for shipment during February, March and April, and that of the 2,244 dozen placed, 680 dozen already had gone forward, and said: " They have taken note that you require all of the mousquetaire and two clasp gloves as quickly as possible, but the fact is that due to the nineteen weeks strike we will hardly be in a position to anticipate the deliveries as booked; in fact it is a question of whether we will be in a position to deliver according to the delivery dates as marked. We assure you, however, that everything is being done to make shipment." Thereafter, on January 15, 1920, defendant wrote plaintiff as follows:

" We regret to have to advise you that since our letter of recent date in which we advised you that every effort would be made to complete orders, a recapitulation of the orders due the different accounts has shown us a terrific loss, were an adjustment of price not to be made.

" Notwithstanding the fact that all of these orders were accepted with a strike clause, which provided for a release of the orders in the event of a strike, we had contemplated doing our very best to fill the orders. We find, however, that the final adjustment of the strike which lasted for twenty weeks has brought the costs up so that it is necessary for us to do one of two things — we will either deliver 50% of your order now placed with us, and consider

it as a complete execution, or deliver your entire order at a flat advance of 15%.

" We assure you that even were you to accept this advance, it would not offset the loss that we will have to assume in manufacturing these goods. Before making further shipments, however, we will thank you to advise us whether you prefer the flat advance of 15% on your entire balance of the order, or the delivery of 50% of the goods now due you."

Prior to the receipt of this letter plaintiff had resold the gloves under contract to many of his customers and could not obtain gloves elsewhere within sufficient time to comply with his obligation to them, and at that time and for sometime thereafter the market price of the gloves was far in excess of the contract price and in excess of the fifteen per cent increase demanded by defendant.

On January 16, 1920, plaintiff called at the office of defendant and saw Mr. Casin, one of its directors. Plaintiff at that time said in substance that he had sold the gloves and had to have the gloves to fill his orders, and could not obtain the gloves elsewhere on such short notice and would, therefore, have to pay the increased prices demanded by defendant. Mr. Casin then prepared and submitted to plaintiff for signature, and plaintiff signed, a paper containing the following agreement:

" VAN RAALTE CO.:

" GENTLEMEN.— In consideration of your waiving your right to cancel my order and your promise to ship entire balance in full at earliest possible dates, I accept terms of your letter of January 15, 1921, and agree to pay you flat advance of 15%.

                              " RICHARD C. BURNE."

Thereafter, from time to time, between January 20 and July 14, 1920, defendant delivered to plaintiff the balance of the gloves called for by the original contract, more than three-quarters thereof being delivered before May thirtieth. All these gloves were received by plaintiff and except for a few small items were accepted and retained by him. Without demur or protest plaintiff paid for these shipments within the respective terms of credit, in each instance receiving the discount of eight per cent. Although the last delivery was made July 14, 1920, it was not until April 1, 1921, that plaintiff, through his attorney, made the claim that the exaction of the fifteen per cent increase on the price of the gloves was wholly unauthorized and illegal and could be recovered. In response to this letter defendant's attorney advised plaintiff's attorney that in their opinion there was no merit to the claim. The fifteen per cent advance which plaintiff paid on the merchandise amounted to

the sum of $1,915.88, and the controversy submitted for decision is whether or not upon the foregoing facts plaintiff is entitled to the return of that sum with interest.

It is to be noted that although the contract between the parties provided that it was subject to release in case of inability to fill the order in consequence of strikes, the defendant never exercised its right thereunder nor did it ever claim that it was unable to fill the order because of the nineteen and one-half weeks' strike. What it did claim was that the strike had increased the cost of production to the point where it was unable to deliver the goods without a loss to it. Of course, if plaintiff had refused to accede to defendant's proposition, it was still within its right to claim, if such were the fact, that it was unable because of the strike to produce sufficient goods to meet its orders, in which case it could have delivered so much thereof as it was possible for it to produce and plaintiff would have been obliged to pay for the amount delivered under the terms of the contract. Of this there is a hint in the defendant's letter in which it advised plaintiff of the options which it gives him, that is, either it will deliver fifty per cent of the order and consider it as a complete execution, or deliver the entire order at a flat advance of fifteen per cent. Treating the correspondence between the parties as an indication that defendant was prepared if plaintiff did not make some compromise with it, to exercise its rights under the contract and to claim a release therefrom in part at least, then there was a consideration for plaintiff's agreement to pay the advance price, *first,* in the promise to deliver the whole order, instead of so much thereof as defendant could have been called upon to deliver in view of the reduced production due to the strike, and, *second,* in the promise to ship the entire balance in full at the earliest possible date.

Plaintiff's chief contention is that the overpayment of fifteen per cent made by it was made under a species of coercion and was not a voluntary payment. In reply to this it is sufficient to say that if plaintiff was under no obligation, under his theory of the contract, to make the payment in question, but had the right to insist upon full performance thereof at the agreed price for the gloves, then he had a full and adequate remedy by an action for damages for breach of contract against the defendant. There is no suggestion that the defendant is not amply responsible to respond in any damages which plaintiff might have claimed by reason of the breach, nor is there any suggestion that duress existed in the way of compulsion by reason of immediate necessity for avoiding consequences for which no other means of relief were available.

13

(*Kamenitsky* v. *Corcoran,* 177 App. Div. 605.) Furthermore, if plaintiff claimed that he was compelled to make the new contract for the increased price by reason of duress, it was his duty to act promptly in repudiating the agreement, and his subsequent acts thereunder would be sufficient to constitute ratification and confirmation. (*Abelman* v. *Indelli & Conforti Co.,* 170 App. Div. 740.) In the present case plaintiff not only made payments for each invoice as they became due under the terms of the contract, receiving the discount thereon for cash, but he waited nearly a year before making any protest or asserting his rights in the premises.

Furthermore, not only did the plaintiff make the contract for the increased price of the goods without any protest upon his part, but each payment made by him was voluntarily made without any protest or any suggestion that the payments were being unlawfully exacted. Where a payment is voluntarily made with full knowledge of existing facts and without any protest whatever upon the part of the party paying, such payments cannot be recovered back. (*Kamenitsky* v. *Corcoran, supra; Consolidated Fruit Jar Co.* v. *Wisner,* 103 App. Div. 453; *Kienle* v. *Gretsch Realty Co.,* 133 id. 395.)

Judgment is, therefore, directed in favor of defendant, but, under the terms of the stipulation, without costs.

Clarke, P. J., Laughlin, Smith and Greenbaum, JJ., concur.

Judgment ordered for defendant, without costs. Settle order on notice.