COMMERCIAL CASUALTY INSURANCE COMPANY, Plaintiff, *v.* JAMES T. DWYER, Doing Business as DWYER BROTHERS LIGHTERAGE, Defendant.*

Municipal Court of New York, Borough of Manhattan, First District, February 13, 1930.

*Affd., App. Term, First Dept., June Term.

*Daniel Mungall*, for the plaintiff.

*Nadal, Jones & Mowton* [*Joseph S. Robinson* of counsel], for the defendant.

GENUNG, J. Action is brought for medical expenses in the treatment of insured's employee, who was injured by reason of defendant's negligence, in the sum of $341.50 alleged to be due under section 13 of the Workmen's Compensation Law (as amd. by Laws of 1927, chap. 553).

Plaintiff insured the Noonan Building Material Co., Inc., against loss by reason of any injury to its employees. On October 16, 1928, an employee, one Herben, was injured on a pier at Harlem river and One Hundred and Fifty-second street, New York, which injury came about as was claimed through the negligence of a third party, James T. Dwyer, doing business as Dwyer Brothers Lighterage, the defendant. On November 23, 1928, Herben instituted an action in the Supreme Court, New York county, against the said James T. Dwyer, to recover damages for personal injuries and medical expenses incurred by reason of the said accident. The action was settled by the payment of $3,500, for which the plaintiff Herben gave a general release. The said plaintiff, Herben, at no time filed a claim for compensation nor did he appear before the Compensation Board for a hearing. In May, 1929, this action was instituted on the claim that plaintiff may recover under section 13 of the Workmen's Compensation Law.

In 1920, in the action *Bossert* v. *Piel Bros., Inc.* (112 Misc. 117) the Appellate Term, Second Department, held: " There is no provisions of the statute giving the employer a right of action against a wrongdoer who has injured his employee except he acquire that right from the injured employee by paying compensation under the provisions of section 29. And while the cost of furnishing medical attendance is a part of the compensation provided by the statute, the intent of the statute is clear that when an employee recovers from a third party more than compensation would be under the statute, the employer is not subrogated to any of the employee's rights against the third party."

In 1927 section 13 of the Workmen's Compensation Law was amended by adding the following provision: " The liability of an employer for medical treatment as herein provided shall not be affected by the fact that his employee was injured through the fault or negligence of a third party, not in the same employ, unless and until notice of election to sue or the bringing of suit against such third party. The employer shall, however, have an *additional*

*cause of action* against such third party to recover any amounts paid by him for such medical treatment, in like manner as provided in section twenty-nine of this chapter."

Under this amendment of the statute it would seem that the plaintiff herein is expressly given a right of action against the defendant for expenses incurred for medical treatment furnished to the injured employee, Herben, in spite of the general release executed upon the settlement of his action against the defendant.

The plaintiff is entitled, therefore, to recover the sum of $341.50, with interest as demanded. Ten days' stay.