In the Matter of the Claim of HARRY RICH, Respondent, against AMERICAN RADIATOR COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— On March 22, 1915, the claimant, while employed by the American Radiator Company, suffered severe injuries from being squeezed between an electric crane and the top of a reaming machine. He received compensation until July 28, 1915, without any hearings being held, compensation being paid upon the report submitted. On February 17, 1922, the claimant, who was still in the employment of the same company, received an injury which resulted in a hernia. He asked to have his earlier case reopened and made no claim for the hernia. The case was reopened and additional medical evidence was taken and an award was made for permanent partial disability, payable by the employer and carrier. The appellants' contention that the award should have been against the special fund, created by section 25-a of the Workmen's Compensation Law, is not well taken because the case was reopened and the award was made previous to the enactment of section 25-a. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of FRANK MAGROSSI, Appellant, against THE CITY OF NIAGARA FALLS, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Claimant, while in the employ of the city of Niagara Falls, was injured through the negligence of a third party. He elected to pursue his remedy against such third party in accordance with section 29 of the Workmen's Compensation Law. Such an action was instituted against the third party and thereafter, with the city's consent, compromised for the sum of $5,000 for personal injuries and medical and hospital expenses. Claimant then applied for deficiency compensation. The Industrial Board awarded him $647.27 for medical expenses incurred prior to the filing of the notice of election to hold the third party. It denied his claim for medical and hospital expenses amounting to $1,471.75 incurred subsequently to the filing of such notice. It based its decision on section 13 of the Workmen's Compensation Law. Decision unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.