MARIE HOGAN, as Committee of the Person and Property of JOSEPH R. HOGAN, Respondent, v. FRANCES N. BREIDENBACH, Appellant.— Appeal from a judgment entered in Rensselaer county upon the verdict of a jury in favor of plaintiff at a Trial Term of the Supreme Court in said county and also from an order denying defendant's motion to set aside the verdict and for a new trial. Plaintiff's ward, John R. Hogan, was a truck driver delivering merchandise for his employer, and

while preparing to enter the cab of his truck which was parked on the west side of a street in Poughkeepsie, N. Y., was struck by a car proceeding north, causing injuries which aggravated a syphilitic condition as a result of which he later became insane. The car which struck Hogan drove very close to the truck and a spare tire on the right side of said car hit him, throwing him underneath the truck. The car did not stop and Hogan's helper observed and wrote down the license number and it was immediately reported to a policeman nearby, who was given a description of the car. The same afternoon, after making a few more deliveries, Hogan and his helper went to the police station in Poughkeepsie, reported the number of the car and gave a description to the police sergeant who wrote it down in his report. At the time the car was described as a Packard sedan of the limousine type of a dark color, the impression being that it was dark blue. Defendant's claim is that it was not her car, although her car was a Packard of the type and color described. She resides with her husband on Long Island and she and her witnesses testified that October twelfth is her birthday and also the birthday of her younger sister, and that it had been the custom for nine years to celebrate this date with a birthday dinner and that this occurred every year during such period of nine years with the exception of the year 1934, although all testified that there was nothing unusual by which they could recall the date in 1932. Defendant also claims that Hogan's condition is not the result of the accident but that it would have resulted in any event because of his syphilitic infection. The issues presented were questions of fact which have been determined in favor of the plaintiff. Alleged errors in rulings as to the admission and exclusion of evidence were not prejudicial. Judgment and order unanimously affirmed with costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.