BUTCHERS MUTUAL CASUALTY COMPANY OF NEW YORK, Plaintiff, *v.* EMERALD CAB CORPORATION and MORRIS ORSHAWSKY, Defendants.

Municipal Court of New York, Borough of Manhattan, Third District, January 3, 1939.

*Emanuel Morgenbesser [Melvin C. Schwartz of counsel], for the plaintiff.*

*Louis L. Resnick [Herbert N. Bobrow of counsel], for the defendant Emerald Cab Corporation.*

WATSON, J. This case was submitted to the court upon an agreed statement of facts and involves the construction of section 13, subdivision (c) of the Workmen's Compensation Law.

It appears that one Annette Weiss, an infant, was injured on or about the 15th day of December, 1937, by a taxicab owned by the defendant Emerald Cab Corporation and operated by the defendant Morris Orshawsky. For the purposes of the submission of the controversy the liability of the defendants in negligence for the aforesaid accident is conceded.

An action was commenced by the said infant through her guardian *ad litem*, Bertha Weiss, on or about the 28th day of December, 1937, in the City Court of the City of New York, New York County, against the defendants. This action was duly compromised on the 15th day of January, 1938, for the sum of $100 for the infant's cause of action and the sum of fifty dollars for the mother, who was the guardian *ad litem*. A general release was executed and the money paid on the 17th day of January, 1938.

The injury sustained by the infant arose out of and in the course of her employment by Edouard Custom Shoes, Inc. Prior to the commencement of her action against the defendants she was treated by certain physicians to whom the plaintiff herein, as insurance carrier of her employer, paid the sum of thirty dollars, pursuant to the Workmen's Compensation Law. It was not until the 18th day of January, 1938, one day after the settlement with the defendants was consummated by the infant, that the plaintiff notified the defendants that it claimed a lien for the medical services paid by it, as provided in section 29 of the Workmen's Compensation Law.

Plaintiff brings this action against defendants " as subrogee of Edouard Custom Shoes, Inc., to recover the sum of thirty dollars, payment made under a policy of workmen's compensation insurance to Annette Weiss for medical expenses expended by the plaintiff arising out of the negligent operation and control of a motor vehicle." Reliance is placed by plaintiff both on section

13, subdivision (c), and section 29 of the Workmen's Compensation Law for reimbursement of the medical expenses paid by it. The defendant Orshawsky has not been served and has not appeared in the instant action.

Section 13, subdivision (c), provides that " The liability of an employer for medical treatment as herein provided shall not be affected by the fact that his employee was injured through the fault or negligence of a third party, not in the same employ, unless and until notice of election to sue or the bringing of suit against such third party. The employer shall, however, have an additional cause of action against such third party to recover any amounts paid by him for such medical treatment, in like manner as provided in section twenty-nine of this chapter."

Under section 13, subdivision (c), therefore, the employer is given a separate cause of action against the third party for medical expenses paid by him before the injured employee elects to sue or brings suit against a third party. This provision must be read in conjunction with section 29, which specifies the form of the remedy.

Under subdivision 1 of section 29, as amended by chapter 684 of the Laws of 1937 (in effect when the accident herein occurred), an injured employee " need not elect whether to take compensation under this chapter or to pursue his remedy against such other but may take such compensation and at any time either prior thereto or within six months after the awarding of compensation, pursue his remedy against such other subject to the provisions of this section. If such injured employee * * * take or intend to take compensation under this chapter and desire to bring action against such other, such action must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues. In such case, the * * * insurance carrier liable for the payment of such compensation, as the case may be, *shall have a lien on the proceeds of any recovery* from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid by it and to such extent such recovery shall be deemed for the benefit of such * * * carrier. Notice of the commencement of such action shall be given within thirty days thereafter to the Commissioner, the employer and the insurance carrier upon a form prescribed by the Commissioner."

Subdivision 2 of the same section states that: " If such injured employee * * * has taken compensation under this chapter but *has failed to commence action* against such other within the time limited therefor by subdivision one, *such failure shall operate as an assignment of the cause of action against such other* to the * * * insurance carrier liable for payment of such compensation. If such * * * carrier, as such an assignee, recover from such other * * * a sum in excess of the total amount of compensation awarded *to* such injured employee * * * and the expenses for medical treatment paid by it, together with the reasonable and necessary expenditures incurred in effecting such recovery, it shall forthwith pay to such injured employee or his dependents, as the case may be, two-thirds of such excess, and to the extent of two-thirds of any such excess such recovery shall be deemed for the benefit of such employee or his dependents."

Prior to the enactment of chapter 684 of the Laws of 1937, section 29 required the injured employee to elect to take compensation or to pursue his remedy against the third party *before an award* was made under the Workmen's Compensation Law. The awarding of compensation then operated as an assignment of the cause of action of the injured employee against the third party. Under the 1937 amendment the employee is allowed a period of six months within which to make his election to sue a third party, in the meantime being permitted to accept compensation. A lien is given to the insurance carrier paying such compensation and medical expenses against the recovery of the employee from the third party, but if the employee has taken compensation and failed to commence suit within the time limited, such failure operates as an assignment of the cause of action.

The injured employee, in the instant case, having commenced such an action within the prescribed time there could be no assignment of the cause of action. In such a case the carrier " shall have a lien on the proceeds of any recovery." Under the express terms of the statute, therefore, plaintiff's action must be confined to the enforcement of a lien and not as assignee of the employee's cause of action.

Defendant Emerald Cab Corporation contends that it had no knowledge of any lien claimed by plaintiff until after the fund had been paid out. This position seems to be well taken, for one who asserts a lien should give timely notice thereof. Section 29 provides no means for filing of a notice of such lien or the method of giving notice to a third party; no particular formalities are prescribed by the statute for the perfection of such a lien. It might, perhaps, be well for the State Legislature to amend section 29 of the Work-

men's Compensation Law to provide for filing and notice in a manner similar to section 189 of the Lien Law covering liens of hospitals for services and treatment rendered to persons injured in accidents.

The defendant Emerald Cab Corporation is entitled to a dismissal of the complaint on the ground that the cause of action alleged is based on the assignment of the employee's cause of action rather than on the lien afforded by section 29 of the Workmen's Compensation Law, and on the further ground that no notice of any lien was given to the said defendant prior to the payment of the fund to the infant employee and her guardian.