BUTCHERS' MUTUAL CASUALTY COMPANY OF NEW YORK, Appellant,
*v.* EMERALD CAB CORPORATION and Another, Respondents. *

Supreme Court, Appellate Term, First Department, April 11, 1940.

*Emanuel Morgenbesser,* for the appellant.

*Louis L. Resnick* [*Martin N. Whyman* of counsel], for the respondents.

PER CURIAM. Prior to the 1937 amendment (Laws of 1937, chap. 684) of section 29 of the Workmen's Compensation Law, the settlement of the action brought by the employee against the third party and the general release executed in accordance therewith would not have constituted a bar to the maintenance of the present action by the insurance carrier of the employer for medical treatment furnished pursuant to the Workmen's Compensation Law (Workmen's Comp. Law, § 13, subd. c; *Commercial Casualty Ins. Co.* v. *Dwyer Bros. Lighterage,* 137 Misc. 440; affd., App. Term, First

Dept., June term, 1930; *American Mutual Liability Ins. Co.* v. *Nisbet,* 245 App. Div. 895.) The amendment of section 29 in 1937 (Laws of 1937, chap. 684) does not affect the situation here involved. The provision for conferring upon the insurance carrier liable for the payment of compensation a lien upon the proceeds of an action commenced by the employee against a third party is by its terms applicable only where the employee takes or intends to take compensation and also desires to bring a third-party action. There is nothing in the agreed statement of facts to indicate that the employee took or intended to take compensation. Unless the plaintiff, as subrogee of the employer, is entitled to recover, the provision of subdivision c of section 13 of the Workmen's Compensation Law, conferring upon the employer "an additional cause of action against such third party to recover any amounts paid by him for such medical treatment," would be meaningless in the case at bar.

Judgment reversed, with thirty dollars costs, and judgment directed in favor of the plaintiff for thirty dollars, with interest and costs.

All concur. Present — McCook, Shientag and Miller, JJ.