In the Matter of the Claim of FRED BLOCK, Respondent, against EDWARD C. BOWERS and CHARLES L. FELDMAN, as Receivers of WICKWIRE-SPENCER STEEL COMPANY, and LIBERTY MUTUAL INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The employer and its insurance carrier have appealed from an award of compensation. Claimant sustained injuries on November 19, 1929, as a result of which he became permanently totally disabled. As a result of such injuries he became insane and on November 6, 1930, he was committed to the Buffalo State Hospital pursuant to the provisions of the Mental Hygiene Law. His wife was appointed his committee. He is still confined in the hospital. Awards of compensation to the claimant for disability have been made without objection by the insurance carrier. In addition to the disability awards, the Industrial Board has awarded to the claimant the amount of the bills of the Buffalo State Hospital at the rate of fourteen dollars a week, covering the board, lodging and maintenance of the incompetent. The sole question at issue is the responsibility of the employer and carrier for the payment of the bills at the State hospital, which include some medical and surgical care and

treatment. It, therefore, appears that in addition to the weekly compensation the carrier is required to pay fourteen dollars a week for maintenance of the claimant at the Buffalo State Hospital and that a portion thereof is used for his board, clothing and maintenance, which are proper charges against his committee from the compensation awarded him. The carrier should only pay for the medical and surgical attendance and treatment as defined by section 13 of the Workmen's Compensation Law. The award is reversed and the matter remitted to the State Industrial Board to take proof as to the amount necessarily incurred by the hospital for the medical and surgical attendance and treatment of the incompetent and to make an award accordingly, with costs against the State Industrial Board. Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ., concur.