In the Matter of the Claim of Louis WOLKENSTEIN, Respondent, against LUMINART LAMPSHADE PRODUCTS, INC., Employer, and BUTCHERS' MUTUAL CASUALTY COMPANY OF NEW YORK, Insurance Carrier, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 7, 1942.

*Emanuel Morgenbesser*, for the appellants.

*John J. Bennett, Jr., Attorney-General [Roy Wiedersum, Assistant Attorney-General*, of counsel], for the respondent State Industrial Board.

*Harold A. Spears*, for the claimant, respondent.

FOSTER, J. The employer and insurance carrier appeal from that part of the decision and order of the State Industrial Board which directs the payment of claimant's medical expenses after January 10, 1940. The appeal is taken upon an agreed statement of facts: " The claimant sustained his injuries on August 21st, 1939, through the negligence of a third party. Through his attorney, the claimant commenced an action in the Supreme Court, New York County, on the 10th day of January, 1940, against the third party tort-feasor to recover damages for the injuries so

sustained. The injuries arose out of and in the course of his employment. The third party action is still pending in the Supreme Court. The employer and its insurance carrier have assumed full responsibility for the payment of compensation to the claimant pursuant to the Workmen's Compensation Law. The appellants herein have, however, refused to pay medical bills and expenses incurred in connection with the necessary medical treatment of the claimant, but such refusal has been directed solely towards such medical bills and expenses as referred to treatment rendered subsequent to January 10th, 1940. As to those referring to treatment rendered prior to the aforementioned date, the employer and insurance carrier assumed full responsibility."

The sole issue to be reviewed is this: Are the employer and insurance carrier responsible for the payment of medical expenses for treatment rendered after the commencement of the third-party action, and does such responsibility exist during the pendency of such third-party action?

Section 13 of the Workmen's Compensation Law creates the obligation of employers to provide medical care for injured employees. Subdivision (c) of this section provides in part: " The liability of an employer for medical treatment as herein provided shall not be affected by the fact that his employee was injured through the fault or negligence of a third party, not in the same employ, unless and until notice of election to sue or the bringing of suit against such third party."

Despite the somewhat radical amendments to the statute in 1937 with relation to third-party actions, the language of this subdivision of section 13, as quoted, has remained unaltered. It has been held that under it the employer's liability for medical treatment ceases when a third-party suit is instituted by the injured employee. (*Matter of Magrossi* v. *City of Niagara Falls*, 243 App. Div. 827.)

It is argued, however, in support of the decision appealed from, that the amendments to section 29 by chapter 684 of the Laws of 1937, which eliminated the necessity of an election to sue and permitted a claimant to take compensation and at the same time pursue an action against a third party, evinces a legislative intent to provide for medical services after the commencement of a third-party suit despite the language of subdivision (c) of section 13. This argument is more specifically based upon this part of section 29 (subd. 1), which provides, in case the injured employee takes compensation and at the same time commences an action against a third party, as follows: " * * * In such case, the State Insurance Fund, if compensation be payable therefrom, and otherwise the person, association, corporation or insurance carrier liable

for the payment of such compensation, as the case may be, shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid by it and to such extent such recovery shall be deemed for the benefit of such fund, person, association, corporation or carrier.  *  *  * "

It is said that this language creates a lien in favor of the employer or insurance carrier for medical expenses paid by either of them. Unquestionably this is true, but the construction argued for in support of the decision will, if closely analyzed in connection with the language of this section, be found to be against the interest of the claimant. This may be seen from a very simple example. Thus, if the medical expenses are paid by the carrier or employer after the institution of a third-party action the claimant cannot recover such expenses as a part of his damage in a common-law suit because he has neither paid nor incurred them, and they form no part of his special damage; and yet the carrier or employer has a lien for their amount against any recovery the claimant may have. Unless the rules of evidence applicable to common-law actions are changed so as to permit proof of medical expenses paid or incurred by someone other than the plaintiff the result of this construction will be that a claimant will always lose. He cannot prove such expenses but they will, nevertheless, be deducted from his recovery in the event he is successful. In the absence of a direct and clear expression to that effect it is not justifiable to hold that the Legislature contemplated such a situation by the revision of section 29. It seems more probable that the limitation which remains in subdivision (c) of section 13 still represents the legislative intent. If this limitation is applied the claimant may recover for any expenses incurred by him after the third-party action is begun, and in the event of a recovery, of course, neither the carrier nor the employer has a lien for the amount of such expenses. Of course, the claimant may not recover at all, and it cannot be denied that the application of this limitation places a risk on him, but he incurs a risk either way. Doubtless the problem should receive further legislative clarification, but as the statute now exists we do not think that the provisions of section 29 have superseded and destroyed the limitation contained in section 13. As the law now stands there is no provision whereby the State Industrial Board is empowered to direct the payment of medical expenses except in those cases covered by this section.

We note in the Attorney-General's brief a single phrase which would seem to indicate an issue as to whether the matter involved here is appealable. No further reference is made to this issue, and we assume that if it did exist it has been abandoned. That part of the award and decision appealed from which directs the payment of medical expenses after January 10, 1940, should be reversed, without costs.

HILL, P. J., CRAPSER, BLISS and SCHENCK, JJ., concur.

Award and decision appealed from, in so far as it directs the payment of medical expenses after January 10, 1940, reversed, without costs.