THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, OF LONDON, ENGLAND, Appellant, *v.* SHELL TRANSPORTATION CORPORATION, Respondent.*

Second Department, April 27, 1942.

*Nathan Wernick,* for the respondent.

* On reargument order and judgment affirmed, 264 App, Div. ——.— [REP.

PER CURIAM. Plaintiff, a compensation insurance carrier, in an action against a third person, alleged to have been responsible because of negligence for injuries suffered by an employee of plaintiff's insured, to recover for compensation and medical expenses paid, appeals from an order granting the defendant's motion to dismiss the complaint, and from the judgment entered thereon. The defendant's motion was made upon the ground that each of the two causes of action pleaded in the complaint was barred by the three-year Statute of Limitations, duly pleaded, and, therefore, was necessarily made under subdivision 6 of rule 107 of the Rules of Civil Practice.

The first cause of action, to recover the amount of compensation paid by the plaintiff, is barred by the three-year Statute of Limitations applicable to an action to recover damages for personal injuries resulting from negligence. (Civ. Prac. Act, § 49, subd. 6; *Exchange M. I. Ins. Co.* v. *C. H. Gas & El. Co.*, 243 N. Y. 75, 78–80.) The second cause of action, for medical expenses asserted to have been paid by the plaintiff, should have been brought under subdivision (c) of section 13 of the Workmen's Compensation Law for such expenses alleged to have been paid between November 9, 1938, the date of the accident, and February 1, 1939, when the injured employee commenced an action against a third party. Under subdivision (c) of section 13, the obligation of the employer or of his insurance carrier to pay medical expenses terminates with the commencement of an action by the employee. Any such payments made thereafter are voluntary and may not be included in a recovery. (*Burne* v. *Van Raalte Co., Inc.*, 202 App. Div. 189, 194.) The second cause of action, being one " to recover upon a liability created by statute, except a penalty or forfeiture," may be the subject of suit within six years after its accrual. (Civ. Prac. Act, § 48, subd. 2.) The three-year Statute of Limitations (Civ. Prac. Act, § 49, subd. 6) does not apply thereto. Hence the first cause of action was properly dismissed but the motion to dismiss the second cause of action should have been denied. The amount of recovery, if any, under the second cause of action will be properly dealt with in accordance with the rights of the parties upon the trial.

The order should be modified on the law by striking from the first decretal paragraph everything following the words " hereby is " and by inserting in place thereof the words " granted as to the first cause of action, but denied as to the second cause of action; and it is further; " and by inserting in the second decretal paragraph between the words " dismissing " and " said," the words " the first cause of action in."

The judgment should be modified on the law by inserting in the decretal paragraph, between the words " adjudged " and " that," the following: " that the first cause of action set forth in the complaint be and the same hereby is dismissed and."

As thus modified, the order and the judgment should be affirmed, without costs.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and TAYLOR, JJ.

Order modified on the law by striking from the first decretal paragraph everything following the words " hereby is " and by inserting in place thereof the words " granted as to the first cause of action, but denied as to the second cause of action; and it is further;" and by inserting in the second decretal paragraph between the words " dismissing " and " said " the words " the first cause of action in."

The judgment is modified on the law by inserting in the decretal paragraph, between the words " adjudged " and " that," the following: " that the first cause of action set forth in the complaint be and the same hereby is dismissed and."

As thus modified, the order and judgment are unanimously affirmed, without costs.