CARL SCHREIBER, Respondent, v. AMERICAN EMPLOYERS' INSURANCE COMPANY, Appellant.

Second Department, December 7, 1942.

*Walter L. Glenney* for appellant.

*Solomon Raffe* for respondent.

*Per Curiam.* The plaintiff, an employee of a dairy company, sued a third person for injuries arising out of and in the course of the plaintiff's employment and recovered a judgment for $100. The defendant in this action filed a lien in connection with the doctor's bill for medical services which it, as compensation insurance carrier, had incurred for medical attention furnished to the plaintiff. The liability insurance carrier of the negligent third party deducted the amount of this lien from the amount recovered by the plaintiff in his action against the third party, paid it over to the defendant and paid the plaintiff fifty-seven dollars, the balance due upon his judgment. Whereupon this action was brought upon an implied contract for money had and received.

The defendant had no lien against any amount awarded to the plaintiff in his action against the third party because he had never claimed or been awarded compensation. (Workmen's Compensation Law, § 29; Cons. Laws, ch. 67.) The plaintiff in his action against the third party recovered nothing for medical expense for the reason that he had not incurred any expense for medical services. His employer, and hence the defendant here, had a separate and distinct cause of action against the negligent third party. (Workmen's Compensation Law, § 13, subd. [c].) There was no duty resting on the plaintiff to prosecute an action against the third party for the benefit of this defendant. The contention now made by the defendant that the amount received by it was not in payment of its claimed lien is contradicted by the documentary evidence, which evi-

dence the defendant makes no effort to explain. The result follows that the defendant has received money from the plaintiff's debtor that belongs to the plaintiff. Under such circumstances the plaintiff may elect to sue either the party who has received from his debtor or the debtor. (*Fowler* v. *Bowery Savings Bank,* 113 N. Y. 450; *Roberts* v. *Ely,* Id. 128; *Carnegie Trust Co.* v. *Battery Place Realty Co.,* 67 Misc. Rep. 452.)

The amended order and judgment should be affirmed, with ten dollars costs and disbursements.

JOHNSTON and TAYLOR, JJ., dissent, with the following memorandum: Although we agree that the defendant had no lien for the reasons stated by the majority (Workmen's Compensation Law, § 29), defendant had a cause of action against the third party for the plaintiff's medical expenses paid by defendant. (*Ibid.,* § 13, subd. [c].) This cause of action was satisfied by payment to defendant of the sum of forty-three dollars by the liability insurance carrier of the third party. In that sum thus paid to defendant, the plaintiff had no legal or equitable interest. As matter of law that sum was not money had and received by defendant to plaintiff's use. The situation legally is in no respect changed by the circumstance that upon the judgment for $100 recovered by the plaintiff against the third party, for damages for personal injuries, necessarily not including medical expenses, the judgment debtor, with the acquiescence of plaintiff, paid only fifty-seven dollars apparently in settlement of the judgment for $100. (Cf. *Butchers' Mutual Casualty Co. of N. Y.* v. *Emerald Cab Corp.,* 174 Misc. Rep. 1.)

LAZANSKY, P. J., HAGARTY and CLOSE, JJ., concur in *Per Curiam* opinion; JOHNSTON and TAYLOR, JJ., dissent and vote to reverse the amended order and judgment, to deny the motion, and to dismiss the complaint, with memorandum.

Amended order and judgment affirmed, with ten dollars costs and disbursements.