MYRON CALHOUN, Plaintiff, *v.* WEST END BREWING COMPANY, Defendant.

Supreme Court, Oneida County, September 7, 1943.

*Arthur J. Foley* and *Milton A. Abelove* for plaintiff.

*Kernan & Kernan* for defendant.

SEARL, J.   Motion to strike out a defense contained in the answer, as insufficient in law (Rules Civ. Prac. rule 109, subd. 6).

The defense in question alleges that Royal Indemnity Company was the compensation insurance carrier covering Airway

Painting and Decorating Company, the employer of plaintiff, that the expenses for medical treatment referred to in the complaint were paid by Royal Indemnity Company and, because of the provisions of section 13 of the Workmen's Compensation Law, the cause of action to recover the amounts so paid for medical treatment belongs to Royal Indemnity Company.

Plaintiff brings this third party action to recover for personal injuries and damages, including medical attendance, claimed to have resulted from an accident due to the negligence of defendant on December 17, 1941, while plaintiff was in the employ of Airway Painting and Decorating Company.

Subdivision (c) of section 13 of the Workmen's Compensation Law (as added by L. 1927, ch. 553) provides: " The liability of an employer for medical treatment as herein provided shall not be affected by the fact that his employee was injured through the fault or negligence of a third party, not in the same employ, *unless* and *until* notice of election to sue or the bringing of suit against such third party. *The employer shall, however, have an additional cause of action against such third party to recover any amounts paid by him for such medical treatment,* in like manner as provided in section twenty-nine of this chapter." (Italics supplied.)

Section 29, by amendment effective September 1, 1937, provides that " * * * an employee entitled to compensation * * * injured * * * by the negligence or wrong of another * * * need not elect whether to take compensation * * * or to pursue his remedy against such other but may take such compensation and at any time either prior thereto or within six months after the awarding of compensation, pursue his remedy against such other * * *. If such injured employee * * * take compensation * * * and desire to bring action against such other, such action must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues. In such case * * * the person, association, corporation or insurance carrier liable for the payment of such compensation * * * shall have a lien on the proceeds of any recovery from such other * * * to the extent of the total amount of compensation awarded * * * and the expenses for medical treatment paid by it * * *."

Prior to this amendment, section 29 provided that if the injured employee elected to take compensation rather than pursue a third party action, then the award of compensation

operated as an assignment to the employer or carrier of the cause of action.

The amendment referred to appears to have been brought about following a decision of Judge CARDOZO in *Zurich G. A. & L. Ins. Co.* v. *Childs Co.* (253 N. Y. 324). There one Bellville was seriously injured while making deliveries to Childs Co. The medical " bills were substantial, $4,726.50. If Bellville were suing as plaintiff, he could not recover these expenses, for the reason that he had neither incurred nor paid them (cf. *Matter of Sandberg* v. *Seymour Dress Co.*, 242 N. Y. 497; *Matter of Finkelstein*, 252 N. Y. 519); they were paid and incurred by another, acting in the discharge of a statutory duty.'' The court held he was in the same position as would be an infant seeking compensation for medical bills paid or incurred by a father.

Clearly, when the Legislature enacted subdivision (c) of section 13 in 1927, it created a separate and distinct cause of action in favor of the employer or carrier to the extent of medical bills actually paid.

When it amended section 29 in 1937, dealing with an act constantly in use, it is inconceivable that the Legislature could totally ignore section 13, when provision was made to the effect that thenceforth the employer or carrier " shall have a lien on the proceeds of any recovery '' had by the injured employee, " to the extent of the total amount of compensation * * * and the expenses for medical treatment paid by it * * *.''

If considered in the light of having both the separate cause of action for medical bills and at the same time a lien against the funds recovered by the injured employee, a patent inconsistency results.

Here the movant argues that in reality the sections are consistent. Respondent urges that the remedy must be supplied by the Legislature and not by the court.

In support of the movant's contention is *McCue* v. *Shea Co.* (175 Misc. 557) urging against splitting a cause of action and a multiplicity of suits; also *Butchers' Mutual Casualty Co.* v. *Emerald Cab Corp.* (169 Misc. 749, revd. on other grounds by Appellate Term, 174 Misc. 1).

Respondent, in addition to *Zurich G. A. & L. Ins. Co.* v. *Childs Co.* (253 N. Y. 324, *supra*), relies upon *Commercial Casualty Ins. Co.* v. *Dwyer* (137 Misc. 440). However, both of these authorities refer to occurrences prior to the amendment of 1937.

The last expression of our appellate courts relevant to the instant issue is *Matter of Wolkenstein* v. *Luminart Lampshade Products* (263 App. Div. 218 [3d Dept.]). On January 10, 1940, claimant commenced an action against a third party for injuries sustained August 21, 1939, the action not having been tried at date of the decision. The carrier had made payment of all medical bills up to the date of commencement of the action, but refused to provide for medical attendance after that date. The State Industrial Board had ordered such payments made and the sole issue to be reviewed was whether such responsibility existed after the commencement and during the pendency of the action. The court held that by virtue of the language of section 13, " the employer's liability for medical treatment ceases when a third-party suit is instituted by the injured employee. (*Matter of Magrossi* v. *City of Niagara Falls*, 243 App. Div. 827.) " The court approved of the application of section 29 to the extent that the employer or carrier had a lien on the proceeds of claimant's recovery to the extent of compensation and " the expenses for medical treatment paid by it ". However, such a construction was found to be " against the interest of the claimant "; that if the medical expenses were paid after the institution of the action, the claimant could not recover the same as " he has neither paid nor incurred them, and they form no part of his special damage ", and that unless the rules of evidence are changed, the claimant will lose this amount which in turn can be deducted by the carrier from any recovery by virtue of the lien. The award of the Industrial Commission was reversed, and legislative clarification of the statute recommended.

Disregarding the question of proof, we come to the sole question to be determined in the instant action: Is the allegation as to Royal Indemnity Company's being the owner of the cause of action to recover amounts paid for medical treatment to be stricken out?

It is conceded that the plaintiff has notified the carrier of the commencement of this action. It is stipulated that on or about April 26, 1942, Royal Indemnity Company, as compensation insurance carrier, notified the defendant that the plaintiff " is receiving Workmen's Compensation and hospital and medical benefits," and claimed a lien against any sum which might be recovered through suit or by settlement up to the amount which it has or will have paid.

Royal Indemnity Company has been given its choice to commence an independent action against the defendant to

recover amounts paid for medical expenses, as permitted by subdivision (c) of section 13, or to file a lien against any recovery to be had by plaintiff. It has elected to proceed by lien. Had it chosen some other forum to bring an action for medical expenses after notification that action had been commenced by plaintiff, or desired to employ its own counsel for that purpose, it could have done so. By order both causes could have been tried at the same time so as to save defendant the costs of two separate trials. Defendant cannot complain that, as to any medical bills incurred after the commencement of this action, the carrier may sue to collect, as under the ruling in the *Wolkenstein* case, just referred to, any such claim must be made against this plaintiff.

The carrier has elected as between two inconsistent remedies, with full knowledge of the facts. In event of plaintiff's being defeated, defendant cannot claim likelihood of its being harassed by an action brought by the carrier. (*American Woolen Co.* v. *Samuelsohn,* 226 N. Y. 61; *Lumber Mutual Casualty Ins Co.* v. *Friedman,* 176 Misc. 703.)

The Court of Appeals in *Hession* v. *Sari Corporation* (283 N. Y. 262 [1940]) has very definitely set forth the rule as to the rights of a third party, in a compensation case, to the effect that " ' He has nothing whatever to do with this law, except to pay the damages for which he is liable.' (*O'Brien* v. *Lodi,* 246 N. Y. 46, 50)." A defense set forth in a supplemental answer was held insufficient in law.

For the foregoing reasons, plaintiff's motion is granted.