H. LESLIE WENGER, Plaintiff, *v.* PULLMAN COMPANY, Defendant.

City Court of the City of New York, Trial Term, New York County, January 12, 1948.

*Abraham Markhoff* for plaintiff.

*Saxe, Bacon & O'Shea* for defendant.

COLEMAN, J.  Plaintiff, a physician, sues the defendant for professional services rendered to one of its employees, one Taylor, a Pullman porter, who had been injured through the alleged negligence of a railroad company.  The plaintiff proceeds under subdivision (c) of section 13 of the Workmen's Compensation Law which deals with the liability of an employer for medical care to an injured employee.  Taylor filed a claim for compensation under the Workmen's Compensation Law, and later, nearly two years after the mishap in which he received his injuries, he sued the railroad company to recover damages for its negligence.  His complaint was dismissed on the ground that more than a year having elapsed from the date of the acci-

dent, any cause of action that might have been his was no longer his and had passed, by operation of the Workmen's Compensation Law to his employer, the defendant (*Taylor* v. *New York Central R. R. Co.*, 294 N. Y. 397). (Workmen's Compensation Law, § 29; *Grossman* v. *Consolidated Edison Co.*, 294 N. Y. 39.) The plaintiff's services were rendered after Taylor brought his action against the railroad company.

Both sides agree that if Taylor's action had been commenced within the period of one year prescribed for him, subdivision (c) of section 13 of the Workmen's Compensation Law as it then read, would deny the plaintiff a recovery. (Cf. *Matter of Wolkenstein* v. *Luminart Lampshade Products*, 263 App. Div. 218; *Employers, Liability Assur. Corp.* v. *Shell Transp. Corp.*, 263 App. Div. 681; *Matter of Margrossi* v. *City of Niagara Falls*, 243 App. Div. 827; *Calhoun* v. *West End Brewing Co.*, 182 Misc. 423.) The section read as follows: " The liability of an employer for medical treatment as herein provided shall not be affected by the fact that his employee was injured through the fault or negligence of a third party, not in the same employ, unless and until notice of election to sue or the bringing of suit against such third party."

The clause beginning " unless and until ", upon which the defendant relies, was omitted by chapter 474 of the Laws of 1944, so that under the present statute the plaintiff's right to recover is unquestionable. The only question is whether, within the meaning of the statute before its amendment, Taylor " brought " an action against the railroad company. If he did, the plaintiff cannot recover.

Verbally of course, a third party action was brought. Yet I do not think that verbal correspondence of fact and statutory language alone is determinative. After the lapse of a year the injured employee simply has no cause of action against a third party; and not merely because of the Statute of Limitations. " The cause of action, after the stated time has gone by, passes to the employer or insurer " (*Taylor* v. *New York Central R. R. Co.*, 294 N. Y. 397, 402, *supra*), and the plaintiff is in the position of an assignor who is no longer the real party in interest. (*Massi* v. *Alben Builders*, 270 App. Div. 482, affd. 296 N. Y. 767.) The mere " bringing " of an action by an employee against a third party when the calendar alone discloses that the action is futile ought not to have any consequences except as between employee and third party; it ought not operate to relieve an employer of his liability for medical care which had existed and which would

have continued to exist but for the bringing of an altogether fruitless action. The statute could only mean by third party action one which, well founded or not, at least was brought at a time when the employee still has the power to invoke a judicial inquiry into the merits of his claim. No action was brought because Taylor had none to bring. And the defendant, relying upon the employee's fatuous endeavor to move the machinery of the court as the basis to defeat the plaintiff's claim, is attempting to lay hands on " ghosts that are seen in the law but that are elusive to the grasp." (*The Western Maid*, 257 U. S. 419, 433.)

The defendant does not question the reasonableness of the plaintiff's charges and so there will be judgment in his favor for $1,398 with interest.