In the Matter of the Claim of JOSEPH HOGAN, Respondent, against LAWLOR & CAVANAUGH Co. et al., Appellants. WORKMEN's COMPENSATION BOARD, Respondent.

Third Department, November 16, 1955.

*Noel S. Symons* and *Thomas J. Kelly* for appellants.

*Jacob K. Javits, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Henry S. Bailey* for Marie Hogan, as committee of the person and property of Joseph R. Hogan.

HALPERN, J. This is an appeal by an employer and workmen's compensation carrier from a decision and award of the Workmen's Compensation Board, directing payment for institutional custodial care of the claimant at the Hudson River State Hospital, from April 7, 1944, to May 1, 1953, at stipulated rates and directing that such payments continue thereafter at the rate of $150 per month.

As the result of an industrial accident which occurred on October 12, 1932, the claimant's mind was affected. He was committed to a State hospital on May 19, 1933, and he is still confined there.

On April 2, 1935, an action was brought against a third party alleged to have been responsible for the claimant's injury and a judgment for $12,000 was recovered in that action and affirmed upon appeal (*Hogan* v. *Breidenbach*, 246 App. Div. 862, motion for leave to appeal denied 270 N. Y. 674). The application of the proceeds of the third-party recovery to the compensation liability entitled the carrier to suspend compensation payments until March 8, 1949. On June 8, 1948, in anticipation of the resumption of compensation payments, the carrier wrote to the hospital to ascertain if the claimant was still there and what the current diagnosis was. As a result of this inquiry, the Commissioner of Mental Hygiene looked into the matter and decided to render a bill for $20,586, covering the period of hospitalization from May 19, 1933, to September 30, 1948. The carrier denied liability for custodial care of the claimant but, of course, did not contest its liability for compensation payments beginning March 8, 1949, and it has resumed such payments.

The Workmen's Compensation Board did not sustain the whole of the commissioner's claim but held that the insurance carrier was liable for the custodial care of the claimant only from April 7, 1944, the date when certain statutory amendments discussed below took effect.

At the time of the occurrence of the accident in 1932, the law was to the effect that the employer was not liable for medical treatment or medical expenses incurred after the bringing of a third-party action by the injured employee, even though the recovery in the third-party action turned out to be insufficient to cover all such expenses. This was the result of judicial construction of a provision added to section 13 by Laws of 1927, chapter 553 (designated subd. [c] by L. 1935, ch. 258) and of subdivision 1 of section 29 of the Workmen's Compensation Law, as they read prior to their amendment by chapter 474 of the Laws of 1944 (*Matter of Magrossi* v. *City of Niagara Falls,* 243 App. Div. 827; *Matter of Wolkenstein* v. *Luminart Lampshade Prods.,* 263 App. Div. 218). Furthermore, at that time it was held that medical treatment did not include board, clothing and maintenance provided by a mental hospital in which the claimant was confined for custodial care as the result of the injury (*Matter of David* v. *Arborio,* 241 App. Div. 900; *Matter of Block* v. *Bowers,* 262 App. Div. 981).

Both of these rules were harsh in their operation. They had the effect of relieving the employer of liability for expenses which were unquestionably due to the industrial accident, and throwing the whole burden of such expenses upon the injured employee. In 1944, the Legislature decided to remove these inequities from the compensation law.

By chapter 474 of the Laws of 1944, subdivision (c) of section 13 was amended so that the employer's liability for medical treatment would continue even though the employee had elected to sue a third party. By the same chapter, subdivision 1 of section 29 was amended so as to allow the employee to take compensation and medical benefits and still bring an action against a third party. This amendment took effect April 1, 1944. Furthermore, at the same session, chapter 663 was adopted, adding to subdivision (1) of section 13-a of the Workmen's Compensation Law a provision that: "If a claimant should receive treatment in any hospital or other institution operated in whole or in part by the state of New York, the employer shall be liable for food, clothing and maintenance furnished by the hospital or other institution to such employee ". This amendment took effect April 7, 1944.

The principal question upon this appeal is whether the compensation carrier may be held liable for custodial care of the claimant subsequent to the date of the taking effect of the 1944 amendments, notwithstanding the fact that the accident, as a result of which the claimant had been injured, had occurred prior to that date.

The question is no longer an open one. It was held in *Matter of Metzger* v. *Metzger Press* (276 App. Div. 936, affd. 301 N. Y. 781) that the 1944 amendment to sections 13 and 29 applied to accidents which had occurred prior to the date of the taking effect of the amendment. Under that decision, the employer and insurance carrier are plainly liable for medical expense incurred after the date of the amendment, notwithstanding the fact that the accident had occurred before that date and that a third-party action had been brought before that date. In fact, some of the expenses for which the insurance carrier and employer were held liable in the *Metzger* case had been incurred prior to the date of the taking effect of the amendment, but the appellants made no request for a segregation of this part of the expense from the total award and it does not appear to have been separately considered by the court. In this case, with the consent of the Department of Mental Hygiene, the Workmen's Compensation Board limited the award to the amount charged for custodial care after the date of the amendment.

The appellant seeks to distinguish the *Metzger* case upon the ground that the accident in that case had taken place on November 12, 1936, after the enactment of chapter 258 of the Laws of 1935, adding sections 13-a to 13-j to the Workmen's Compensation Law, whereas the accident in this case occurred in 1932 prior to the enactment of the 1935 amendments. We do not regard this distinction as being of any materiality. The provisions added in 1935 set up an elaborate system for the enforcement of the obligation of the employer to provide medical treatment and they authorized the injured employee to select his own physician within prescribed limits, but these provisions have no bearing upon the problem here presented. The crucial sections are subdivision (c) of section 13 and subdivision 1 of section 29 and these sections were substantially the same at the time of the occurrence of the accident in the *Metzger* case as they were at the time of the accident here involved.

By the same reasoning as that which prevailed in the *Metzger* case, the 1944 amendment to section 13-a extending the liability for medical treatment so as to include custodial care, must be held to be applicable to custodial care thereafter furnished to

an injured employee even though the accident which caused the injury had occurred prior to the date of the amendment.

The appellant argues that it is '' illegal and unjust '' to impose liability upon the carrier for custodial care occurring after the 1944 amendments because the insurance premiums collected by it from its insured had been based upon liability of a less burdensome character, but considerations of that kind are solely for the Legislature to weigh, in determining whether to increase the burden of future disability or expenses in pending compensation cases. Here it is clear that the Legislature did intend to increase the burden in pending cases and the insurance company must be deemed to have assumed the risk of such changes in the law, in its dealings with its insured.

If by the words '' illegal and unjust '', the appellant means to question the constitutionality of the statute construed as we have construed it here and as it was construed in the *Metzger* case, that question was settled in *Matter of Schmidt* v. *Wolf Contr. Co.,* (269 App. Div. 201, affd. 295 N. Y. 748). In that case, it was held that the Legislature had the power to amend the Workmen's Compensation Law so as to increase the rate of weekly compensation payments to be made thereafter to employees who had been injured prior to the taking effect of the amendment. As this court pointed out in the *Schmidt* case, '' The amendment in question was enacted in the exercise of the police power of the State and hence violates neither its Constitution nor the Federal Constitution. The principle of workmen's compensation is the promotion of public good '' (p. 208). The due process clause of the State and Federal Constitutions does not freeze the burden of compensation liability as of the date of the occurrence of an industrial accident, beyond the power of legislative change. In carrying out its social purpose, the Legislature has the power to increase the burden on the employer for disability or expenses occurring or continuing after the date of the enactment of the amendatory statute, even though the accident which gave rise to the disability or expenses had occurred prior to that time (*Matter of Di Martino* v. *Mountain Val. Water Co.,* 270 App. Div. 968; cf. *Matter of McCann* v. *Walsh Constr. Co.,* 282 App. Div. 444, affd. 306 N. Y. 904).

The decision and award of the Workmen's Compensation Board should be affirmed, with costs to the board.

Foster, P. J., Bergan, Coon and Zeller, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.