In the Matter of the Claim of ADELAIDE DE CONCILUS, Appellant, against JUNEY JUNIORS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, August 13, 1959.

*Max Zimny* and *Wilbur Daniels* for appellant.

*Nathan Rosen* and *Lawrence Feldman* for Juney Juniors, Inc., and another, respondents.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

BERGAN, J. P. Claimant suffered a physicial disability on May 24, 1957 and concededly she is entitled to the payment of maximum disability benefits under the disability benefits provisions of the Workmen's Compensation Law.

Her disability continued from May 24 to September 10, 1957. At the beginning of this period, the maximum benefits payable were $40 a week. By an amendment to Workmen's Compensation Law (§ 204, subd. 2, eff. July 1, 1957) the maximum benefits were increased to $45 a week.

The Workmen's Compensation Board has held that the amount fixed in the statute at the time the disability began is controlling throughout the entire disability; the claimant on appeal contends that she is entitled to the increased benefits from the time the amendment increasing them became effective, i.e., from July 1 to September 10, 1957. We think the claimant's contention is right.

The 1957 amendment, effective July 1, did not state that it applied only to disabilities which occurred after July 1. Everything about the text suggests that it reached future weekly benefits without regard to when the disability occurred. It stated that "weekly benefits" to which the disabled employee is entitled "shall be" an amount not less than $45.

This general definitive statement in future tense literally includes periods of weeks after the enactment of the statute, as those weeks may occur in subsequent time sequence. Nothing

is said about the time of the beginning of disability; it is the "weekly" benefits, as they are to occur, that are covered.

In the original statute the Legislature set up a qualifying beginning date for disabilities for which benefits would be paid, i.e. "for disabilities commencing after June thirtieth, nineteen hundred fifty" (§ 204, subd. 1); but the 1957 amendment said nothing about the increased benefits being applicable to disabilities commencing after July 1, 1957; and the failure to say this would suggest strongly that no new commencement date was intended and that the increased benefits were to be applicable to disabilities continuing after the statute was amended. The original words fixing the time of commencement of disability (June 30, 1950) were left entirely unchanged.

Our reading of the statute in this sense, as including future disability weeks for a disability commencing prior to the amendment, seems to be fortified by the great weight of authority. (*Matter of Schmidt* v. *Wolf Contr. Co.*, 269 App. Div. 201, affd. 295 N. Y. 748; *Calhoun* v. *West End Brewing Co.*, 269 App. Div. 398; *Matter of Di Martino* v. *Mountain Val. Water Co.*, 270 App. Div. 968; *Matter of Metzger* v. *Metzger Press*, 276 App. Div. 936, affd. 301 N. Y. 781; *Matter of Hogan* v. *Lawlor & Cavanaugh Co.*, 286 App. Div. 600, motion for leave to appeal denied 309 N. Y. 1033; *Matter of Faber* v. *Kate Dupree, Inc.*, 286 App. Div. 1122.)

The decision of the Workmen's Compensation Board should be reversed and the claim remitted to the board for further proceedings, with costs to appellant against respondents employer and carrier.

Coon, Gibson, Herlihy and Reynolds, JJ., concur.

Decision of the Workmen's Compensation Board reversed and the claim remitted to the board for further proceedings, with costs to appellant against respondents employer and carrier.