VINCENT A. TOMPKINS, Appellant, v. DAVID KASTEN et al., Respondents.— This action is to recover damages for an alleged trespass. The answer set up, among other things, general denials and title in the defendants. The question of title was litigated and depended upon the construction of the first paragraph of the will of Edward McVeigh. The language of that will might, by itself, seem uncertain. However, when it is studied in connection with the physical surroundings, conceded boundary lines, location of roads and structures, its meaning and the intention of the testator become clear without parol evidence of intention, which is disputed. Judgment dismissing the complaint affirmed, with costs. All concur.

### (May 16, 1945.)

In the Matter of the Claim of HENRY LUTZ, Claimant, against WISCONSIN BRIDGE & IRON COMPANY et al., Respondents. BUFFALO STATE HOSPITAL, Claimant, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the Buffalo State Hospital from a decision of the State Industrial Board denying the hospital's claim for $5,470.65 against the employer and State Insurance Fund, carrier. The denial was upon the ground that " the specific cost for medical care and treatment as distinguished from the cost for board and maintenance of the injured " had not been submitted. There is testimony that the unpaid balance to May 1, 1943, owing for medical care and treatment to the hospital is the sum of $5,470.65. Decision reversed and matter remitted, with costs to the Buffalo State Hospital against the employer and insurance carrier, for a further consideration of the bill upon the proof already adduced or upon such additional proof as either party hereto may present. All concur. [See *post*, p. 870.]

In the Matter of the Claim of ALPHONSUS BARBATO, Respondent, against HORTON MOTOR LINES et al., Appellants, and MARYLAND CASUALTY COMPANY, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Appeal by Fireman's Fund Indemnity Company from that part of a compensation award which directs appellants to pay compensation for the period from December 21, 1942, to March 2, 1943. Claimant suffered two accidents, one on September 8, 1942, and the other on December 18, 1942. There is no competent proof to sustain the conclusion that his disability from December 21, 1942, to March 2, 1943, was due solely to the second accident. To the contrary what proof there is clearly indicates that both accidents contributed to his disability between the dates mentioned, and thereafter. Objection on the part of appellant that no written claim was filed as to the second accident was not timely taken. That part of the award appealed from is reversed and the matter remitted to the State Industrial Board for further consideration, with costs to the appellant against the State Industrial Board. All concur.