■ In the Matter of the Claim of MICHAEL GALLAGHER, Respondent, against MASON & HANGER CO., INC., Appellant, and NEW YORK STATE DEPARTMENT OF MENTAL HYGIENE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision and award of the Workmen's Compensation Board directing the payment of $17,010 to the Department of Mental Hygiene for medical care, food, clothing and main-

tenance furnished to claimant from April 17, 1944 to January 1, 1956. Claimant sustained a compensable accident on August 13, 1928. He has been in Pilgrim State Hospital since 1932. It has previously been established that his mental condition is due to the accident, and the employer has previously paid a lump sum present value into the Aggregate Trust Fund, as directed by the board. By chapter 663 of the Laws of 1944 an amendment was added to section 13-a of the Workmen's Compensation Law imposing a further liability upon an employer in the following language: "If a claimant shall receive treatment in any hospital or other institution operated in whole or in part by the state of New York, the employer shall be liable for food, clothing and maintenance furnished by the hospital or other institution to such employee." Appellant contends that this amendment, which became effective on April 7, 1944, cannot be applied retroactively to claimant who sustained his accident in 1928. It is to be noted that the Commissioner of Mental Hygiene did not make any claim for custodial care prior to the effective date of the amendment, and that the amendment was in full force and effect during all of the period for which the award was made. The question is not an open one as the precise question was raised and determined in *Matter of Hogan* v. *Lawlor & Cavanaugh Co.* (286 App. Div. 600, motion for leave to appeal denied 309 N. Y. 1033). We regard that case as controlling. Appellant also urges that the State Department of Mental Hygiene should be barred from recovering its bill for hospitalization and services because it did not file a claim until July 22, 1955. Appellant was in no way prejudiced by this delay, and we see nothing in the record to warrant the application of the doctrine of laches. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.