■ In the Matter of the Claim of FRED FRANZ, Respondent, v COMET CONSTRUCTION CORP. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed December 24, 1979, as amended by decision filed August 8, 1980. On January 15, 1962, claimant sustained a compensable injury to his left leg while working as a construction laborer. The injury was described as an infected compound fracture of both the tibia and fibula of his lower left leg, with a concomitant extensive skin loss. Claimant's response to treatment was insufficient, and the injured leg was amputated on February 20, 1963. During the 13-month period between the date of the accident and the date of the amputation, claimant experienced symptoms of depression and psychotic episodes which prompted both neurological and psychiatric examinations. Since the amputation, regular psychiatric treatment and periodic hospitalization have been required to deal with the above symptoms, as well as for purposes of drug detoxification. By decision dated July 6, 1964, an award was made to claimant by the board, and further psychiatric treatment and hospitalization were authorized. On November 2, 1966, claimant was examined by the board's physician who found a 92½% schedule loss of use of his left leg. Subsequently, by notice of decision filed on November 7, 1966, the previous award was modified, and an award equal to the aforesaid schedule loss was made and the case closed. Although the carrier made some medical payments for psychiatric care during the pendency of the case, the issue as to whether claimant's mental condition was causally related to the accidental injury was never determined. Therefore, on application of claimant's attorneys dated June 5, 1967, the board ordered the case restored to the referee's calendar on the question of causal relationship. At the hearing held on January 26, 1972, three physicians were present, but none was called to testify. By decision dated January 28, 1972, the Administrative Law Judge found that: (1) periods of hospitalization at Creedmoor State Hospital, from February 12, 1967 to April 17, 1968, were causally related to the accident herein; (2) an award for an additional protracted healing period should be made; and (3) the case once again should be closed. No appeal was taken from this decision. Between 1972 and 1978, claimant was rehospitalized for psychiatric disorders approximately eight times. Pursuant to an application by claimant's attorneys requesting reopening of the case, a hearing was held on May 16, 1979 whereby appellants for the first time raised the issue of the possibility of apportionment, and also questioned the standing of the Office of Mental Health of the State of New York (Office of Mental Health) to assert its claim for medical expenses in this proceeding. The Administrative Law Judge (1) overruled the latter objection; (2) directed reimbursement to the

Office of Mental Health; and (3) directed a trial on the issue of apportionment. By decision filed December 24, 1979 and amended August 8, 1980, the board affirmed the Administrative Law Judge's determination and found that (1) claimant's mental illness was precipitated by the injury sustained on January 15, 1962; (2) the referee's decision of January 28, 1972 is *res judicata* as to the causal relationship between the accident and the mental illness; and (3) the Office of Mental Health is an interested party in regard to the hospital bills. This appeal ensued. The initial argument raised by appellants is that the Office of Mental Health has no standing before the Workers' Compensation Board and should, therefore, not have been permitted to argue the issue of causal relationship. Appellants, however, fail to present any authority to support this contention. Absent such authority, we are unable to find that the board's decision, allowing the Office of Mental Health to participate, was arbitrary. Moreover, this court has not interfered on prior occasions where the board has allowed the representatives of a State hospital to act as a participant and to press its claim for payment *(Matter of Lutz v Wisconsin Bridge & Iron Co.,* 269 App Div 799; see, also, *Matter of Gallagher v Mason & Hanger Co.,* 8 AD2d 863, affd 8 NY2d 920). Next, appellants dispute the board's finding that "claimant's mental illness was precipitated by the injury sustained on January 15, 1962, and that the hospitalization at Creedmoor Hospital was causally related and necessary". Specifically, appellants assert that during the period in question, June 8, 1972 to June 29, 1978, there is no medical report which indicates a requirement for hospitalization or that such hospitalization is causally related to the accident of January 15, 1962. Contrary to this assertion, however, the board's determination is clearly supported by substantial evidence. This being the case, it is unnecessary to reach appellants' contention that the board improperly found the January 28, 1972 decision to be *res judicata.* We have examined appellants' remaining arguments and find them unpersuasive. Decision affirmed, with one bill of costs to respondents filing briefs. Kane, J.P., Casey, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.