MYRON CALHOUN, Respondent, *v.* WEST END BREWING COMPANY, Appellant.

Fourth Department, June 27, 1945.

*Willis D. Morgan* for appellant.

*Milton A. Abelove* for respondent.

*Per Curiam.* The defendant has no interest in the relationship between the plaintiff and the insurance carrier under the Workmen's Compensation Law. If the defendant is liable it must pay the amount of the medical expenses to one or the other, and its only interest is to find out if the plaintiff has the right to sue it for these expenses so that it will not have to pay twice.

Prior to the amendment of 1937 the injured employee in his action against a third party could not recover for medical expenses which were neither incurred nor paid by him. (*Zurich G. A. & L. Ins. Co.* v. *Childs Co.,* 253 N. Y. 324, 329.) Prior to 1937 the injured employee was required to make an election either to take compensation or pursue his remedy against a third party. The 1937 amendment to section 29 provides that he need not make any election but that he can take compensation and at the same time pursue his remedy against a third party, providing that he brings his action within the time limited in the section.

Section 29 does not vest absolutely in plaintiff a cause of action for medical expenses which were not paid by him. Neither does it vest absolutely in him a cause of action for moneys already paid to him as compensation, yet, we think that section 29 gives him the right to bring an action against the third party for both of these. Section 29 allows him to bring this action in a sort of representative or trust capacity. The purpose of the action is to create a fund in which the plaintiff has a residuary interest. The insurance carrier or employer, as the case may be, has first claim after attorney's fees, etc., have been paid, for compensation paid, and to be paid, and for medical expenses. There would be no reason for the Legislature to give the carrier the right to a lien for medical expenses unless it intended that the plaintiff could first prove such expenses on the trial and recover therefor. Such a right must necessarily be implied from the wording of the statute giving the carrier the right to be paid such expenses out of the fund. Otherwise plaintiff would be the loser and the carrier could make a double recovery. The statute gives the injured employee the first chance to bring the third party action and thus to create the fund. If he fails to bring the action within the statutory time then the carrier can bring it. In either event the statute provides how the fund shall be administered and provides in either case that the carrier be reimbursed for medical expenses out of the fund.

We think the statutory scheme is clear, and when subdivision (c) of section 13 and section 29 are read together there is no real inconsistency. It seeks to provide compensation benefits, including medical care, for the injured employee whether or not he succeeds in his third party action or even brings one. If he does succeed, the carrier or employee, as the case may be, is to be reimbursed out of the fund for both compensation payments and medical expenses already paid or to be incurred.

The Legislature apparently endeavored to remove the obstacles pointed out in *Matter of Wolkenstein* v. *Luminart Lampshade Products* (263 App. Div. 218 holding that the obligation of an employer and an insurance carrier to provide medical care for injured employees ceases, under said subdivision (c), when a third party action is commenced) by amending subdivision (c) of section 13 and section 29 by chapter 474 of the Laws of 1944. We think, moreover, that we can consider such amendments in deciding this appeal, even though they were not in force when the action was started. These amendments are procedural and affect no right of the defendant here. They apply only to the remedy. (*Hession* v. *Sari Corporation,* 283 N. Y. 262, 266.) Procedural statutes apply to pending actions. (*Laird* v. *Carton,* 196 N. Y. 169; *Matter of Berkovitz* v. *Arbib & Houlberg,* 230 N. Y. 261, 270.)

The order appealed from should be affirmed, with $10 costs and disbursements.

All concur, except DOWLING and LOVE, JJ., who dissent and vote for reversal and for denial of the motion. Present— TAYLOR, P. J., DOWLING, HARRIS, McCURN and LOVE, JJ.

Order affirmed, with $10 costs and disbursements.