H. Leslie Wenger, Respondent, *v.* Pullman Co., Appellant.

Supreme Court, Appellate Term, First Department, December 23, 1948.

*Edward D. Burns* and *Rogers H. Bacon* for appellant.

*Abraham Markhoff* for respondent.

Hammer, J. Action by physician against defendant, employer of a workman injured during the course of his employment to recover for medical treatment and care of said workman. Under the Workmen's Compensation Law the employee had been awarded compensation, which was paid and accepted. The employee thereafter sued a third party for damages for negligently causing the injuries. That action was dismissed for the

reason that it was not commenced within the period prescribed by the Workmen's Compensation Law (*Taylor* v. *New York Central R. R. Co.,* 294 N. Y. 397).

On April 19, 1940, the date of the employee's injury, subdivision (a) of section 13 of the Workmen's Compensation Law provided [as then last amd. by L. 1939, ch. 540]: "*Treatment and care of injured employees.* (a) The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus for such period as the nature of the injury or the process of recovery may require. The employer shall be liable for the payment of the expenses of medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus, as well as artificial members of the body or other devices or appliances necessary in the first instance to replace, support or relieve a portion or part of the body resulting from and necessitated by the injury of an employee, for such period as the nature of the injury or the process of recovery may require ".

The specific defense relied upon by appellant is based on the 1927 amendment to the above section (L. 1927, ch. 553), said amendment providing that the liability of an employer for medical treatment shall not be affected by the fact that his employee was injured through the fault or negligence of a third party, not in the same employ, unless and until notice of election to sue or the bringing of suit against such third party.

By chapter 684 of the Laws of 1937, enacted prior to the date of injury, section 29 of the act was amended by giving the employee the right to sue a third party claimed to be liable and also pursue his remedy for compensation, the State or insurance carrier or person liable in such case to have a lien on the proceeds of the recovery after the deduction of expenses including those for medical treatment paid; it being further provided that if the employee had taken compensation but failed to bring the third party action within the limitation period prescribed by the act such failure would operate as an assignment of the cause of action to the State, insurance carrier or person liable for the payment of such compensation.

By section 13 " compensation " includes the obligation of the defendant to pay for medical treatment.

By chapter 474 of the Laws of 1944, section 13 was further amended by providing that the liability of an employer for medical treatment shall not be affected by the fact that his employee was injured through the fault or negligence of a third party, **not**

in the same employ; and section 29 was further amended by providing that the employee may take " compensation and medical benefits ".

No testimony was taken on the trial. It was admitted that if there never was a third party action plaintiff physician would be entitled to recover, and if plaintiff was entitled to recover he should receive $1,398.

The employee in this instance did not bring suit against the third party within the period prescribed by the Workmen's Compensation Law, but that did not affect the cause of action which was by reason of such failure assigned to the person or corporation liable for compensation, subject to the right of plaintiff physician to enforce payment for his services against the employer.

Respondent is entitled in this controversy to the application of the remedial provisions of the 1944 amendment (*Calhoun* v. *West End Brewing Co.*, 269 App. Div. 398).

The judgment should be affirmed, with costs.

PECORA, J., concurs; HOFSTADTER, J., dissents.

Judgment affirmed.