ROBERT H. MOELLER, Plaintiff, v. ASSOCIATED HOSPITAL SERVICE OF CAPITAL DISTRICT, Defendant.— Submission of controversy under agreed statement of facts. Plaintiff is a subscriber to defendant's hospital service. Among other things defendant agreed in its contract with plaintiff to pay for all or portions of hospital service according to specifications in the contract. The contract contained enumerated exceptions. Hospital service "provided for under any Compensation Law," was excluded from coverage. Plaintiff was injured in the course of his employment and hospital service was provided by the compensation carrier. This service was in a hospital covered by the defendant's contract. Plaintiff brought a third-party action which he settled. The workmen's compensation carrier filed a lien upon the proceeds of the settlement for the amounts which had been paid on account of the compensation claim. This included the amount which the carrier had paid for hospital care. The statute (Workmen's Compensation Law, § 29, subd.1) gives the carrier an enforcible lien against the proceeds of the third-party settlement in these circumstances. To the extent of the obligations paid or incurred by the compensation carrier, the proceeds of the settlement "shall be deemed for the benefit of" the carrier. Thus, there is enforcible, by operation of statute and without regard to the consent or agreement of the claimant, a compulsory repayment of the amounts advanced or incurred for hospital or other similar services. It is not important in this aspect of the case whether the reimbursement to the compensation carrier be deemed to come from funds in which the claimant has had full title, or whether, as it was held in *Calhoun v. West End Brewing Co.* (269 App. Div. 398), a portion of the settlement is received in trust for the carrier. When the carrier has been thus reimbursed it has no longer "provided" the hospital service under the compensation statute. The service has been provided by

someone else when the carrier has been reimbursed. The manifest purpose of the statute giving a lien is that the service be provided by someone other than the compensation carrier. When thus furnished and paid for it is no longer a charge under the compulsion of the compensation statute. The word "provided" as thus used is not to be given an equivocal sense. Defendant must bring itself within the exception of its own contract. It has not done so, in our opinion, by showing merely a provision of hospital service by a compensation carrier with full recoupment outside of compensation coverage. Unless the exception is operative, defendant is liable. Judgment for plaintiff in accordance with the stipulation for $371.50, without costs. Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur. [See *post*, p. 865.]