Robert H. Moeller, Respondent, *v.* Associated Hospital Service of Capital District, Appellant.

Argued January 18, 1952; decided April 17, 1952.

*J. Vanderbilt Straub* and *Joseph Boochever* for appellant. Payment of hospital benefits to plaintiff is excluded by the terms of the policy. (*Calhoun* v. *West End Brewing Co.,* 269 App. Div. 398; *Matter of Wolkenstein* v. *Luminart Lampshade Products,* 263 App. Div. 218; *Austin* v. *Bridges,* 34 N. Y. S. 2d 3; *Matter of Jensen* v. *Southern Pacific Co.,* 215 N. Y. 514; *Phoenix Ind. Co.* v. *Staten Island R. T. Ry. Co.,* 251 N. Y. 127, 281 U. S. 98.)

*William C. Breed, Jr.,* and *John L. Shurtleff* for Associated Hospital Service of New York, *amicus curiæ,* in support of appellant's position. I. Respondent's hospital service was " provided for " under a compensation law since his injury was sustained under such circumstances as to be compensable. II. Respondent's injury arose in such manner as to make it compensable under the Workmen's Compensation Law. It does not cease to be a compensation case merely because a third party's negligence caused the injury. (*Calhoun* v. *West End Brewing Co.,* 269 App. Div. 398.) III. Any other construction of the contract denies any meaning to the exclusion clause. (*Campbell* v. *State of New York,* 240 App. Div. 304.)

*Thomas V. Kenney* and *Lindsley McChesney* for respondent. Defendant is liable to plaintiff under the terms of its policy. (*Matter of Ridgeway,* 33 Wn. [2d] 249; *Bushey & Sons* v. *American Ins. Co.,* 237 N. Y. 24; *Paskusz* v. *Philadelphia Cas. Co.,* 213 N. Y. 22; *Janneck* v. *Metropolitan Life Ins. Co.,* 162 N. Y. 574; *Thompson* v. *Phenix Ins. Co.,* 136 U. S. 287; *Gillet* v. *Bank of America,* 160 N. Y. 549; *Aldrich* v. *New York Life Ins. Co.,* 235 N. Y. 214; *Hoffman* v. *Ætna Fire Ins. Co.,* 32 N. Y. 405; *Yeaton* v. *Fry,* 5 Cranch [U. S.] 335.)

FROESSEL, J. Plaintiff had a contract for hospital insurance with defendant, a nonprofit corporation organized under the Insurance Law of this State. Paragraph III of its policy defined " Hospital Service ", but as an exclusion under subdivision 4f provided: " Hospital Service provided for under any Compensation Law, or other law enacted by the Legislature of any State or the Congress of the United States."

During the life of said policy, plaintiff was injured in the course of his employment, and his hospital expenses were paid by his employer through its compensation carrier. Thereafter plaintiff brought a third-party action, and, on settlement of same for the sum of $35,000 — which sum necessarily included hospital expenses and other special damages — the compensation carrier enforced its lien upon the proceeds of the settlement for the amount it had paid on account of the compensation claim, which embraced the hospital expenses. Plaintiff now seeks to recover the hospital expenses from defendant under his hospital

insurance contract with it inasmuch as the third party reimbursed the compensation carrier. The controversy was submitted to the Appellate Division on an agreed state of facts.

The court below held that when " the carrier has been thus reimbursed it has no longer ' provided ' the hospital service under the compensation statute." (278 App. Div. 723.) It overlooked the fact that the insurance contract does not read " Hospital Service provided ", but " Hospital Service provided *for* under any Compensation Law " (emphasis supplied). Surely the hospital service was here provided for under subdivision (a) of section 13 of the Workmen's Compensation Law, which requires that the " employer shall promptly *provide for* an injured employee such medical * * * and *hospital service* " (emphasis supplied), and the " employer shall be liable " therefor. This liability " shall not be affected by the fact that his employee was injured through the fault or negligence of a third party " (§ 13, subd. [c] ; see, also, § 10) nor by any hospital insurance contract (Insurance Law, § 258). There can be no doubt, therefore, that the plain provisions of the insurance contract excluded that service from coverage. Plaintiff never lost the protection of the statute with respect to hospital expenses; he did not even have to " elect whether to take compensation and medical benefits * * * or to pursue his [third-party] remedy " (Workmen's Compensation Law, § 29, subd. 1).

If he did not prevail in the third-party action, he nevertheless retained the benefits of the hospital expenses furnished by the employer's insurance carrier; if he did prevail, he likewise retained these benefits, but the third-party wrongdoer, *not plaintiff*, had to reimburse the carrier. While plaintiff was entitled to sue for these expenses, it was on behalf of the carrier, and the law gave the carrier a lien therefor (Workmen's Compensation Law, § 29; *Calhoun* v. *West End Brewing Co.*, 269 App. Div. 398). He could never recover these medical expenses for himself; they belonged under the statute to the carrier. How then can it be said that he paid them? The statute gives the employee the first opportunity to bring the third-party action subject to the carrier's lien for hospital expenses and other payments made. If the employee fails to bring the action within the statutory

time, the carrier may then bring suit and reimburse itself in full for such payments, the employee receiving only a portion of the excess. Certainly in the latter event the employee is not entitled to recover such hospital expenses. We could not very well make one rule in case the employee sues and another when the carrier institutes the action.

When it is recognized that the statute provides for hospital care in any event, giving to the employer or its carrier a right of recovery against the third party through the medium of the employee's action against said party (*Calhoun* v. *West End Brewing Co., supra*), or, if the employee chooses not to sue, through its own action, it becomes apparent that the employee does not pay for his own hospital service. The initial liability is the employer's, and the ultimate liability therefor falls, as it should, upon the wrongdoer responsible for his injuries. To adopt plaintiff's view would give him a windfall; without paying these expenses, he would in effect be collecting his hospital bill from the third-party wrongdoer for his employer, and again from the defendant. The language of the policy does not bear this construction and we should not strain to reach such result, the effect of which can only mean an increase in hospital plan premiums generally. Such plans are administered, as here, by nonprofit organizations (Insurance Law, art. IX-C) with a view to making their service widely available at low cost, and not to profit their subscribers.

The judgment of the Appellate Division should be reversed and judgment directed in favor of defendant, without costs.

FULD, J. (dissenting). To accept defendant's position and say that its policy does not entitle plaintiff to recovery is to overlook the manifest design of the policy and to read it in a purely mechanical fashion. The policy excludes from its coverage, " Hospital Service *provided for* under any Compensation Law," and indisputable is the fact that the hospital services which the court is placing beyond the coverage of the policy are actually " *provided for* " by the common law of negligence and not by the Workmen's Compensation Law. True, liability is imposed by that statute upon the employer or its carrier *in the first instance*. However, " ultimate liability " for the

services is not affected by the compensation statute but is to be determined by common-law rules. (See *Western Union Tel. Co.* v. *Cochran,* 302 N. Y. 545, 550.) Thus, as the court's opinion points out, the carrier is granted a lien upon any recovery which the employee secures from the negligent third party (Workmen's Compensation Law, § 29, subd. 1), and, should the employee fail to proceed against the third party, the carrier is empowered to sue in his stead and to reimburse itself out of the proceeds (Workmen's Compensation Law, § 29, subd. 2). Hence the provision made by the Compensation Law for payment of hospital services is temporary in character only, contemplating cancellation and reimbursement at such time as the liability of the third party for those services is fixed according to common-law principles. The parties to this policy did not have in mind such a provisional, cancelable liability when they excluded from the policy's coverage " Hospital Service *provided for* under any Compensation Law ". Clearly, they intended to relieve the insurer from liability *only* where a Compensation Law is the ultimate source of liability for the services involved, and to construe the policy otherwise is, I suggest, to endow the phrase " provided for " with a meaning wholly divorced from reasonable purpose and common understanding.

This is borne out by a consideration of the facts of the case before us. On November 19, 1946, while in the employ of the Ludlow Valve Company, plaintiff was injured through the negligence of the New York Central Railroad. For some six weeks after the accident he was confined to a hospital. The State Insurance Fund, as compensation carrier for the employer, acknowledged that plaintiff had a valid claim under the Workmen's Compensation Law and paid him benefits of $2,526.64, including $371.50, the amount of the hospital's bill for his care and treatment. Those payments were, in the course of time reimbursed to the Fund by plaintiff under the following circumstances.

Some time after the accident, plaintiff brought a common-law action against the New York Central Railroad for his personal injuries. In October, 1948, the suit was settled by the Railroad's paying $35,000 to plaintiff. The Fund thereafter asserted a lien against the proceeds for the compensation benefits paid

to plaintiff, which plaintiff discharged by paying the Fund $2,526.64, including the sum of $371.50 for his hospital bill. There is nothing in the submitted facts to indicate that the latter item was included in the $35,000 settlement as an element of plaintiff's recovery. That circumstance is of compelling significance, for, if the hospital costs were not included, plaintiff will, unless he recovers here, be out-of-pocket for what his hospitalization cost.

Even if I were to assume, however — though all basis for that assumption is here lacking — that plaintiff's settlement with the railroad company included the $371.50 hospital bill, the exclusion clause does not insulate defendant from liability under its policy. In the common understanding of laymen, the policy was designed to impose the ultimate cost of plaintiff's hospitalization upon defendant Hospital Service unless, as a practical matter, the Compensation Law imposed such costs on his employer or the latter's carrier. In this case, that statute had no such effect. Even if the payment for plaintiff's hospital bill ultimately came from the settlement proceeds, it was the railroad company and not the employer or its carrier that bore the costs; it was not the Compensation Law, but the common law that determined and directed the payment of such expenses and the party to pay them. The conclusion seems inevitable, therefore, that the hospitalization costs defrayed by the railroad were " provided for ", not by the compensation statute, but by common-law rules. Accordingly, a construction that such expenses are not excluded from the coverage of the policy, far from calling for any rewriting of the contract, simply requires that its language be accorded a sensible meaning.

The point is highlighted by supposing that plaintiff had not been engaged in his employment when injured. No one doubts that defendant insurer in such a case would have been under an obligation to make good to plaintiff his medical expenses — whether or not the consequent settlement between plaintiff and railroad included such an item. That being so, the purely fortuitous circumstance that plaintiff was performing his employer's work when injured should not change the result and relieve defendant insurer of its liability under the policy. Defendant's liability cannot, and should not, be made to depend upon the

hour that plaintiff was hurt or upon the happenstance that the employer or its compensation carrier initially paid the hospital. In other words, no valid and operative distinction may be drawn between the case supposed — where employer or carrier never paid the medical bills — and the actual case before us — where, although it did pay them in the first instance, it was reimbursed by the third party responsible for plaintiff's injuries. In neither case was it by force of the Workmen's Compensation Law that the bills were paid.

Every consideration points the conclusion that the parties understood the exclusion clause to relate to the usual industrial accident situation, where the employer is solely and ultimately responsible for the consequences of the employee's injury, and not to the far less typical case, where the injuries are caused by the negligent act of a third party. It is fair to presume that the latter situation, if considered at all, was regarded as indistinguishable from the case where the identical occurrence takes place outside of the employment and the resulting hospital expenses are unquestionably within the coverage of the policy. As noted already, it is highly illogical to suppose that the parties intended to differentiate between the two cases. To my mind, the majority's construction of the exclusion clause does damage to the discernible intention of the parties, accords a most refined and unrealistic meaning to the wording and produces an illogical result. And, beyond that, it violates the basic canon that any doubt or ambiguity in the meaning of a policy provision is to be resolved in favor of the insured and against the insurer who selected the phrase in question. (See, e.g., *Muller* v. *Sun Ind. Co. of N. Y.,* 302 N. Y. 634; *Tonkin* v. *California Ins. Co.,* 294 N. Y. 326, 328–329; *Hartol Products Corp.* v. *Prudential Ins. Co.,* 290 N. Y. 44, 49.)

I would affirm the decision of the unanimous Appellate Division.

LOUGHRAN, Ch. J., DESMOND and DYE, JJ., concur with FROESSEL, J.; FULD, J., dissents in opinion in which LEWIS and CONWAY, JJ., concur.

Judgment reversed, etc.