**John Kosick, Appellee, v. Hospital Service Corp., An Illinois not-for-profit corporation, Appellant.**

**Gen. No. 46,885.**

First District, Third Division.
December 28, 1956.
Released for publication February 6, 1957.

Miller, Gorham, Wescott & Adams, all of Chicago, for appellant; Robert T. Sherman and Joseph C. Lamy, of counsel.

Hugh J. McCarthy, of Chicago, for appellee; Robert Murphy, of counsel.

JUDGE LEWE delivered the opinion of the court.
Defendant appeals from a judgment in favor of plaintiff in an action to recover certain hospital expenses under the terms of a certificate for hospital care known as "Blue Cross" issued by defendant. Defendant's motion at the close of the evidence for a finding in its favor was overruled.

Plaintiff was employed in the shop of one Fritz Muhlhauser as a pattern, molding and cabinet maker. While doing some work at his employer's residence, plaintiff suffered a back injury. As a result of this injury, he required hospital care.

Plaintiff filed a claim under the Illinois Workmen's Compensation Act. After a hearing the arbitrator found, inter alia, that Muhlhauser was operating under the provisions of the Illinois Workmen's Compensation Act; that the relationship of employee and employer existed between Kosick and Muhlhauser; and that Kosick sustained accidental injuries arising out of and in the course of the employment. Upon review the Industrial Commission reversed the decision of the arbitrator. On appeal, the Circuit Court of Cook County found that the decision on review by the Industrial Commission was erroneous and remanded the cause to the Commission with directions to confirm the decision of the arbitrator. There was no appeal from the order of the Circuit Court confirming the decision of the arbitrator.

After plaintiff had successfully prosecuted his claim for monies due him under the provisions of the Workmen's Compensation Act, including the sum of $1470.24 for necessary first aid, medical, surgical and hospital services, he petitioned the Industrial Commission in the same proceeding for a lump sum settlement of $5000. In accordance with the prayer of plaintiff's petition an order was entered by the Commission reciting that ". . . a proper showing having been made, it appears to the Commission to be to the best interest of the parties that compensation herein be paid in a lump sum." Plaintiff admits receiving the lump sum payment of $5000.

In the present case, the principal issue at the trial was whether plaintiff was barred from recovering his hospital expenses by an exclusionary clause in the certificate of insurance which reads,

" 'Hospital service' does not include the following:
. . . .

"Care of injuries or diseases for which the Member *is entitled* to hospital care, *or* for which he receives any

293

award or settlement in any proceeding filed, under workmen's compensation or occupational diseases law." (Italics ours.)

The record shows that the trial judge rested his decision on the ground that the defendant had failed "to show that a portion of the settlement at least was in contemplation of the medical and hospital expenses."

Plaintiff says that it is a question of fact whether his injury arose out of and in the course of employment since the evidence shows that (1) plaintiff, "a pattern and model maker," was injured while helping his employer build his home, and (2) the "settlement contract" executed by defendant states as reasons for a lump sum settlement that

"there are disputed questions of law and fact, and respondents specifically deny that petitioner sustained an accidental injury arising out of and in the course of his employment and deny that petitioner's disability is related to any accidental injury sustained while in respondent's employment."

An examination of the pleadings shows that the question whether plaintiff's injuries arose out of or in the course of his employment was not raised in the statement of claim or defendant's answer. In plaintiff's reply he avers that the "settlement received pursuant to the Workmen's Compensation Act was solely for the *purchase of peace,* and did not entitle plaintiff to hospital care." (Italics ours.)

The denials in plaintiff's reply that hospital charges for which recovery is here sought were paid pursuant to the Workmen's Compensation Act and that the lump sum settlement was for the purchase of peace are legal conclusions.

A lump sum settlement merely provides for a different method of payment. It is a commutation of periodical payments into one single, all inclusive payment, thus enabling an employee to obtain the entire amount

of compensation due at one and the same time as distinguished from weekly payments. The governing rules relating to lump sum petitions are stated in Volume 2 of Angerstein, Illinois Workmen's Compensation § 1754 (Rev. ed. 1952), at pages 357–58. There it is said,

"[A] hearing on a lump sum petition and the jurisdiction of the commission on such petition, is solely to determine if compensation should be paid in a lump sum and not to determine any other disputed questions. After the parties have agreed upon the amount of compensation payable, or in case of a dispute, after an award is entered by the arbitrator, or a decision on review by the commission, and the time for any review under the provisions of the Act has expired, or in cases in which there has been a final judgment, then either the employee or the employer may petition the commission to commute or order paid in a lump sum all compensation payments yet unpaid under such agreement or award."

■ On the hearing of the petition for a lump sum the commission did not have jurisdiction to determine any disputed questions of law or fact with respect to liability for compensation. (Clark Co. v. Industrial Commission, 291 Ill. 561.) Therefore, reasons stated in the settlement contract as grounds for a lump sum settlement have no legal significance in that proceeding nor in the case at bar.

It should be noted that the arbitrator in his decision, which was subsequently affirmed by the Circuit Court, expressly found that plaintiff as petitioner in that proceeding "is now entitled to have and receive from the respondents [Muhlhauser] . . . the further sum of $1470.24 for necessary first aid, medical, surgical and hospital services . . ."

These items, though not segregated, are referred to in the "settlement contract." The petition for settle-

ment filed by plaintiff with the Industrial Commission recites that "the lump sum desired is $5,000 as a lump sum of all compensation provided in the settlement contract which, by reference, is made part hereof . . ."

██ From the undisputed facts, we think the inference can be justifiably drawn that the lump sum payment to plaintiff necessarily included his hospital expenses and we so hold.

██ Plaintiff insists that the exclusionary clause is ambiguous and that the word "or" in the clause should be construed to mean "and," thus making only a single exclusion. Plaintiff admits that if the word "or" is so construed as a conjunctive, the effect would be to narrow the scope of the exclusionary clause. We think the mischief resulting from such a construction is clearly demonstrated in the illustration given by defendant of a case where the holder of a certificate for hospital care would be entitled to benefits under the Workmen's Compensation Act. Obviously the insurer would have no defense to an action against it upon the certificate unless there had been an award or settlement in the Workmen's Compensation proceedings—prior to the trial of the action upon the certificate. There could then result the anomolous situation of payment of a judgment against the insurer prior to the final decision in the Workmen's Compensation case, which in turn would require a subsequent action by the insurer to recover the payment to the certificate holder after the conclusion of the Compensation case.

In a recent case, People v. Vraniak, 5 Ill.2d 384, (cert. denied, 349 U. S. 963), involving the construction of the word "or," the Court said at page 389,

"It is to be noted that the statute consists of a series of three separate clauses each joined by the disjunctive conjunction 'or.' As used in its ordinary sense, the word 'or' marks an alternative indicating that the

various members of the sentence which it connects are to be taken separately."

And so in the case at bar, we think the disjunctive conjunction "or" was clearly intended to mark an alternative designating both parts of the exclusionary clause to be read separately.

Plaintiff was entitled to hospital care for the injuries he sustained while employed by Muhlhauser; and since the arbitrator also determined, as confirmed by the Circuit Court, that plaintiff was to be awarded a specific sum for hospital and other services, either part or both parts of the exclusionary clause are applicable. Plaintiff is therefore precluded from recovering. And the trial court erred in denying defendant's motion at the close of the evidence for a finding in defendant's favor.

We have not discussed the authorities cited in the briefs since none are precisely similar to the present case.

For the reasons stated the judgment is reversed.

Reversed.

FEINBERG, P. J. and KILEY, J., concur.