SINAI HOSPITAL OF DETROIT *v.* WELBORN.

WELBORN *v.* MICHIGAN HOSPITAL SERVICE, INC.

1. APPEAL AND ERROR—COMMON PLEAS COURT—CIRCUIT COURT—EVIDENCE.
   The circuit court on appeal to it from the common pleas court of Detroit should not reverse the judgment below on an evidentiary basis unless the testimony taken below clearly preponderates against the judgment entered or unless the facts found were contrary to the uncontroverted testimony (CLS 1956, § 728.4; Court Rule No 77, as added in 1949).

2. SAME—COMMON PLEAS COURT—CIRCUIT COURT—SUPREME COURT.
   Appeals to circuit court from the court of common pleas of Detroit are not to be tried *de novo* but are to be reviewed in the same manner, as near as may be, as cases appealed from the circuit court are now reviewed in the Supreme Court (CLS 1956, § 728.4; Court Rule No 77, as added in 1949).

3. HOSPITALS—PAY FOR SERVICES—INSURANCE—WORKMEN'S COMPENSATION.
   Evidence presented in hospital's action against patient for services rendered and in consolidated case of patient against hos-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 3 Am Jur, Appeal and Error §§ 895, 896.
[3] 58 Am Jur, Workmen's Compensation § 327 *et seq.*

pital service insurer to recover hospitalization costs, brought
in common pleas court of Detroit and appealed to the circuit,
*held*, to justify findings of both courts that plaintiff hospital
was entitled to recover from patient but latter was not en-
titled to recover under insurance policy excluding coverage of
hospitalization costs arising from industrial injuries or dis-
eases for which an employer was required to make reimburse-
ment (CLS 1956, § 728.4; Court Rule No 77, as added in
1949).

4. Appeal and Error—Weight of Evidence.

The weight to be accorded an admission and the contradiction
thereof is to be determined by the trial, rather than an appel-
late, court.

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted October 13, 1959. (Docket Nos. 67, 68,
Calendar Nos. 47,848, 47,849.) Decided November
24, 1959.

Action in Detroit common pleas court by Sinai
Hospital of Detroit against Katie Welborn for
charges incurred.

Action by Katie Welborn against Michigan Hos-
pital Service, Inc., for recovery of hospitalization
costs.

Cases consolidated for trial and appeals. Judg-
ments in common pleas court for plaintiff Sinai
Hospital and for defendant Michigan Hospital Serv-
ice, Inc., affirmed in circuit court. Katie Welborn
appeals. Affirmed.

*Stanford M. Rubach,* for plaintiff Sinai Hospital.

*Dann, Rosenbaum & Bloom* (*Bernard L. Kaufman,*
of counsel), for appellant defendant and plaintiff
Katie Welborn.

*Benjamin H. Long, David M. Preston* and *L. Stan-
ford Evans, Jr.,* for defendant Michigan Hospital
Service, Inc.

· KAVANAGH, J.   These 2 cases were separately commenced in the common pleas court in the city of Detroit and because of the subject matter they were consolidated for the purposes of trial, for appeal to the Wayne county circuit court, and for appeal to this Court.

Sinai Hospital v. Katie Welborn was brought to recover charges incurred by Mrs. Welborn for hospital services rendered by plaintiff November 5–19, 1955, and December 4–16, 1955.   The companion case of Katie Welborn v. Michigan Hospital Service is for recovery for the cost of such hospitalization and is based on a Michigan Hospital Service comprehensive hospital care certificate.   Mrs. Welborn claims that under her policy Sinai Hospital should be paid by Michigan Hospital Service.

In the first case it is admitted that services were rendered by Sinai Hospital to Katie Welborn in the amount of $690 and that the hospital has not been paid for these particular services.   It is contended by defendant Katie Welborn that Sinai Hospital is a participating hospital in the Blue Cross Service and that Michigan Hospital Service is obligated under her certificate to pay the amount of the charges to Sinai Hospital.

In the second case Katie Welborn contends that in the event Sinai Hospital is determined to be entitled to a judgment for the amount of the services, she is entitled to a judgment against Michigan Hospital Service for the same sum under her hospital contract.

The pertinent facts that gave rise to these suits are as follows: Katie Welborn, on May 8, 1955, while employed as a waitress at the Sea Food Grotto, slipped and fell to the floor, sustaining certain injuries.   The nature of those injuries and their relationship to subsequent hospitalization is contested. It is uncontested that she was treated by a physician,

Dr. Jorgenson, for a period of about 2 weeks after the injury, and again by the same physician in October for a period of about 2 weeks. In the latter part of October Mrs. Welborn went to another physician, Dr. Goldstein, who ordered her admission to Sinai Hospital. She remained in the hospital for the period November 5–19, 1955, incurring certain charges, a portion of which are involved in these suits. During this period of hospitalization Dr. Harvey Gass, a neuro-surgeon, was called into consultation. He examined Mrs. Welborn and received a history of her injury and condition from her.

On December 4, 1955, Mrs. Welborn was again admitted to the hospital. She remained in the hospital until December 16, 1955. During this time she was operated on by Dr. Gass. The operation was a laminectomy and removal of a herniated disc.

On the trial the evidence on behalf of Mrs. Welborn consisted of her statement that she hurt her right ankle in the fall of May 8, 1955; that she received treatment for approximately 2 weeks; that she received further treatment for approximately 2 weeks in October; that her pain at the time of her confinement in the hospital in November of 1955 was in her hip as well as her right leg; that she returned to the hospital about 2 weeks after the first period of hospitalization and had an operation on her back by Dr. Gass.

Dr. Gass testified that he was called into consultation during the first period of hospitalization, received a history of low back pain and right sciatic pain running over a period of approximately 2 years; that his tests showed nerve root compression and pain in the right leg; that he had at his disposal a myelogram test and that he operated on Mrs. Welborn. He gave it as his opinion, in response to a hypothetical question, that the fall in May was not related to the condition for which he operated.

The evidence of appellee Michigan Hospital Service consisted entirely of correspondence with Mrs. Welborn, a statement signed by her in response to such correspondence, certain documents from the file of the Michigan workmen's compensation commission, and certificate of insurance, particularly section 6 (B) 5 thereof. In summary, this evidence is as follows: On November 9, 1955, Michigan Hospital Service wrote Mrs. Welborn and requested information regarding her admission to Sinai Hospital on November 5, 1955. A questionnaire was submitted to Mrs. Welborn with this letter. On November 25th another letter was written stating that a response had not been received and enclosing another questionnaire. In response Mrs. Welborn submitted a questionnaire signed by her and received by Michigan Hospital Service on November 28, 1955, containing the following statements:

"Date on which injury occurred or was first noticed: May 8, 1955.

"Place where injury occurred: Sea Food Grotto Restaurant.

"Describe fully how injury happened: I slipped & fell on my buttocks hurt them and my right ankle."

The questionnaire contained further information that she was working as a waitress, that the injury occurred on her employer's premises and that she reported the injury to her employer.

After Mrs. Welborn was released from the hospital in December 1955, and on January 19, 1956, she signed a notice to her employer of claim for injury, addressed to the Sea Food Grotto, which read as follows:

"To Employer: Sea Food Grotto

"Address: 24010 W. Seven Mile Road, Detroit 19, Mich.

"Take notice that in accordance with the provisions of the Michigan workmen's compensation law, employee Kay Welborn hereby gives you notice of injury and makes claim for compensation upon you for injury received by her while in your employ.

"The accident, personal injury and/or occupational disease occurred on or about the 8th day of May A.D., 1955, at Detroit, Michigan.

"The foregoing injury occurred in following manner: Slipped and fell on wet floor.

"Nature of disability: Injuries to back, head, upper and lower extremities, and internal injuries.

"Dated at Detroit, Michigan, this 19th day of January A.D., 1956.

"Employee: /s/ Kay Welborn
"Address: 12696 W. Outer Drive, Detroit 23."

On the same day, January 19, 1956, Mrs. Welborn signed an application for hearing and adjustment of claim on a form supplied by the workmen's compensation commission, the pertinent parts of which read as follows:

"Employee: Kay Welborn, 12696 W. Outer Drive, Detroit, 23.

"Employer: Sea Food Grotto 24010 W. Seven Mile rd., Detroit, 19 * * *

"The applicant respectfully shows:

"1. That this claim relates to a personal injury which occurred on or about May 8, 1955. * * *

"2. That the injury or disablement occurred at Detroit, Wayne County, Michigan and in the following manner: Slipped and fell on wet floor.

"3. Nature of disability: Injuries to back, head, upper and lower extremities, and internal injuries. * * *

"Wherefore applicant requests that he be granted such relief as he is entitled to under the workmen's compensation law of Michigan and that the commission set this matter for hearing so that the parties hereto may have a determination of their rights under the compensation law.

"Dated at Detroit, Michigan, this 19th day of January, 1956.

"Signed: KAY WELBORN
"Address    12696 W. Outer Drive,
Detroit 23, Michigan."

On May 17, 1956, Michigan Hospital Service wrote Mrs. Welborn with respect to her hearing before the workmen's compensation commission and reminded her that Michigan Hospital Service had made no payment in her case and that in the event of a compromise redemption settlement, or if the case was found to be a compensable case, the cost of the hospital treatment should be included in the settlement, since Michigan Hospital Service would have no liability.

Under Mrs. Welborn's comprehensive hospital care certificate section 6 (B) 5 reads as follows:

"6. Conditions of eligibility for hospital service:
"(B) Hospital service is not available hereunder:
* * *

"5. For care for industrial injuries or diseases for a period for which the employer is required to furnish, pay for, or provide reimbursement for hospital services or expenses under the provisions of any law of the United States or any State or political subdivision thereof; or for a period for which such hospital service, payment or reimbursement may be obtained by the member under such laws, even though he waives or fails to assert his rights thereto."

On August 31, 1956, an agreement to redeem liability was entered into between Mrs. Welborn, Sea Food Grotto and Employers Mutual Liability Insurance Company, the compensation insurance carrier, reading, in part, as follows:

"Plaintiff has offered to settle her disputed claim for compensation benefits of every nature including past, present and future compensation and any and all medical benefits for $1,223.

"Defendants agree to pay the sum of $1,223 in full settlement as aforementioned."

On the same day, August 31, 1956, an order was entered by a hearing referee of the workmen's compensation commission approving the agreement to redeem liability.

All of these instruments were admitted in evidence as exhibits.

At the completion of the trial, Judge Kenney in common pleas court, after hearing the testimony, examining the written evidence, and considering the oral arguments and briefs, entered a judgment in favor of Sinai Hospital in its case for the sum of $690. Judgment of no cause of action was entered in favor of Michigan Hospital Service in the case of Katie Welborn v. Michigan Hospital Service. Appeal was made to the Wayne circuit court. The same written and oral evidence was presented in both cases to the circuit court judge. The judgments entered by the common pleas court in each case were affirmed by the circuit judge.

Katie Welborn appeals both cases to this Court, raising 2 questions:

1. "Were the judgments entered in favor of Sinai Hospital of Detroit and Michigan Hospital Service against the preponderance of the evidence?"

2. "Were the judgments entered in favor of Sinai Hospital of Detroit and Michigan Hospital Service contrary to the law applicable to the facts of the cause?"

On behalf of Katie Welborn reliance is made on the testimony of Dr. Gass offered at the trial. It is urged that since Dr. Gass's testimony was not rebutted, contradicted, or successfully challenged, either by oral testimony or written evidence, there was no evidence to show a causal relationship between the industrial accident on May 8, 1955, and

the condition for which appellant was hospitalized, and consequently the judgments of the lower courts were against the preponderance of the evidence.

This Court in the case of *Book Furniture Company* v. *Chance,* 352 Mich 521, 524, said:

"This Court has held that upon appeals to circuit court from common pleas court, the circuit judge should not reverse the judgment below upon an evidentiary basis, unless the testimony taken below clearly preponderates against the judgment there entered (*Michael* v. *Kircher,* 335 Mich 566), or unless the facts found were contrary to the uncontroverted testimony (*Cummins* v. *John Hancock Mutual Life Insurance Co.,* 337 Mich 629).

"It would appear that the function of the circuit judge in this instance was to review the testimony and to decide whether or not it supported Judge Sharp's opinion and judgment. This examination should be carried on in the same fashion as the Supreme Court does under like circumstances on appeal from the circuit court to this Court. *Berman* v. *Vigliotti,* 337 Mich 454; *Freedman* v. *Palmer Park Theater Co.,* 345 Mich 657."

Justice VOELKER, writing for the Court, in the case of *Fruchter* v. *Martin,* 350 Mich 12, outlined the question of appeals from the common pleas court of Detroit to the circuit court (p 15):

"We find that appeals to circuit court from the court of common pleas of Detroit are provided for by both general statute and court rule. The statute (CLS 1956, § 728.4 [Stat Ann 1955 Cum Supp § 27.3654]) provides that all such appeals shall be regarded as appeals to a court of review instead of a trial *de novo,* and that upon appeal the case 'shall be reviewed in the same manner as near as may be, as cases appealed from circuit court are now reviewed in the Supreme Court.'"

Court Rule No 77* is to the same effect as CLS 1956, § 728.4 (Stat Ann 1957 Cum Supp § 27.3654).

The circuit judge correctly stated the position in regard to the first question in his opinion when he said:

"It appears to this court that the lower court could have decided the issues involved, reasoning that Sinai Hospital had made out its case by a preponderance of the evidence and denying the case of Mrs. Welborn against the Hospital Service for the same reason. I feel that on the same grounds he could have disposed of Dr. Gass's testimony on the basis of its weight, taking into consideration all of the matters and things presented in the records of these cases."

An examination of the entire record fails to convince us that we should disturb the finding of the common pleas judge and the circuit judge. We certainly cannot say that their opinions were contrary to the preponderance of the evidence. The trial courts saw the witnesses and were in a position to evaluate their testimony far better than we. We feel the circuit judge correctly disposed of this first question.

. The second allegation of error that the judgments were contrary to the law applicable to the facts of the cause appears to be based upon the fact that in the claim filed with the workmen's compensation commission the appellant, by inserting the words "injuries to back," did not make a conclusive admission that the herniated disc was caused by the fall of May 8, 1955; that such admission, though admissible as evidence, is not conclusive and can be varied or contradicted. We cannot disagree with this rule of law, but hasten to say that the weight to be given to both the admission and the contradiction

---

* Added in 1949. See 326 Mich lvi.

is to be determined by the trial court. In this instance it was determined against Katie Welborn. We cannot say that error was committed in so doing, particularly when the application for workmen's compensation was filed and the settlement was made after the operation and after notice from Michigan Hospital Service that it would not be liable under the contract of insurance if it was an industrial accident covered by the workmen's compensation law. Michigan Hospital Service also warned Katie Welborn that if a redemption of the liability was had before the workmen's compensation commission the hospital services should be taken into consideration.

We are inclined to say that in the event we were to make a finding contrary to that of the common pleas court and the circuit court we would have to disregard the clear preponderance of the evidence.

The judgments of the Detroit common pleas court and the Wayne county circuit court are affirmed, with costs in favor of appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.