JOHN WENTHE, appellee, v. HOSPITAL SERVICE, INCORPORATED, OF IOWA, appellant.

No. 49869.

(Reported in 100 N.W.2d 903)

FEBRUARY 9, 1960.

REHEARING DENIED APRIL 8, 1960.

Gamble, Reed, Howland, Gamble & Riepe, of Des Moines, for appellant.

Donohue, Wilkins & Donohue, of New Hampton, for appellee.

HAYS, J.—Defendant, Hospital Service, Incorporated, of Iowa, commonly referred to as the "Blue Cross", is organized and operates under chapters 504 and 514, Code of Iowa, 1958. Plaintiff was the holder of a policy, or certificate, therein. By

this action in equity he seeks a decree requiring defendant to pay the sum of $1467.95 to the University Hospitals at Iowa City, Iowa, for hospital service furnished him. Defendant denies liability under paragraph 15 of said certificate. From a decree ordering payment, it has appealed.

All facts were stipulated. Plaintiff received injuries that arose out of and in the course of his employment. On account thereof he received full benefits under the Workmen's Compensation Act, chapter 85, Code of 1958, there being furnished by the employer medical and hospital services in excess of $2500 and in excess of the maximum amount the employer was liable for under said Act. Thereafter further hospital service was required and furnished by the University Hospitals. Plaintiff, prior to entering said hospital, was advised that the defendant disclaimed liability under the Exclusions clause of the certificate.

I. Paragraph 15 appears under the division of the certificate entitled "Exclusions". Paragraph 15(c), being the provision relied upon by the appellant, reads as follows:

"15. *Hospital Service* to be rendered under this certificate *shall not include:*

"(c) Hospital care for injuries or diseases arising out of and in the course of his employment for which an employer is required to furnish *any* hospital service to the member by the provisions of any law created by any federal, state, municipal or other legislative body, applicable or which in any way can be made applicable to the member; or hospital care for injuries or diseases to which the employee might be entitled by complying with such laws though he elects to waive his rights to such service; or hospital care for injuries or diseases where the member has received anything therefor from his employer." (Emphasis added.)

Under the stipulated facts appellee was entitled to and did receive full benefits under the Act. He also received benefits from his employer in excess of the statutory benefits. It is appellant's contention that under the first and third clauses of paragraph 15(c), above set forth, the instant liability is expressly excluded. Appellee contends that under said paragraph

15(c) appellant is relieved from payment for hospital care only to the extent that some other agency, or person, was required to make payment, and that where the member was personally responsible for the payment of such hospital service appellant is obligated to pay under the terms of the certificate. The trial court adopted this view.

■ ■ II. While appellant is not, strictly speaking, an insurance company, it concedes that the rules governing the construction of insurance contracts are applicable here. These rules are well established and have been stated many times by this court. The cardinal principle in construing language of contracts is that the intention of the parties should govern. Sands v. Iowa Mutual Ins. Co., 244 Iowa 16, 55 N.W.2d 572; Iowa Electric Co. v. Home Ins. Co., 235 Iowa 672, 17 N.W.2d 414. Where the terms of a contract are so ambiguous, equivocal or uncertain that the intention of the parties is not clear, doubtful language is to be construed strictly against the party that prepared it. Brush v. Washington Nat. Ins. Co., 230 Iowa 872, 299 N.W. 403.

■ ■ In Hiatt v. Travelers Ins. Co., 197 Iowa 153, 156, 197 N.W. 3, 33 A. L. R. 655, we said: "If the language is, without violence, susceptible of two interpretations, that one which will sustain his claim and cover the loss must, in preference, be adopted over that construction which will prove fatal thereto. Such a rule, however, does not warrant an arbitrary judicial construction of the terms of the instrument, and a court is in duty bound to give effect to exceptions and limitations in a policy as they are written; and unless it may be said there is ambiguity in the words found in the policy, there is no occasion for the exercise of choice of interpretation. * * *. It is not the function of a court to make a new contract of insurance by reason of supposed considerations of expediency or fairness. Some doubt or ambiguity must exist, in order to invoke a rule of construction or interpretation."

See also 44 C. J. S., Insurance, section 290; 29A Am. Jur., Insurance, section 927.

■ III. The certificate in question states that the sub-

scriber is entitled to the benefits provided but subject to the terms, conditions, limitations and exclusions set forth therein. In addition to the exclusion set forth in (c) above, the paragraph contains other matters that are excluded, such as: services of physicians, special nurses, special braces and X-ray therapy; also care in any federal hospital, and care which the member may obtain without cost to him in compliance with law. It appears clear that the intent of the certificate is to exclude from coverage thereunder, all injuries or diseases sustained by a member for which benefits are provided for by any legislative enactment, such as the Workmen's Compensation Act or similar Acts. In other words, it is the type of disease or injury that calls into play the exclusion rather than the amount of benefits that may be received. This conclusion is, we think, strengthened by the presence of the word "any", emphasized above, appearing before the word hospital in the first clause of paragraph 15(c). "Any", as defined by Webster's International Dictionary, means "one or all; some; indiscriminately of whatever quantity; one or more." See also First Trust Joint Stock Land Bk. v. Armstrong, 222 Iowa 425, 269 N.W. 502, 107 A. L. R. 873; Kayser v. Occidental Life Ins. Co., 234 Iowa 310, 12 N.W.2d 582. If the member on account of the injury or disease is entitled to benefits therefor, under any legislative enactment, irrespective of the quantity thereof, such injury or disease is thereby excluded. As bearing upon this situation see Bonney v. Citizens Mutual Auto. Ins. Co., 333 Mich. 435, 53 N.W.2d 321; Kosick v. Hospital Service Corp., 12 Ill. App.2d 291, 139 N.E.2d 619; Moeller v. Associated Hospital Service, 304 N. Y. 73, 106 N.E.2d 16.

We hold that the language of paragraph 15(c) is clear and unambiguous; that no judicial interpretation need be invoked; that the hospital care for the type of injuries or disease for which appellee seeks to recover, under his certificate with the appellant, are excluded. The decree of the trial court should be and is reversed and plaintiff's petition is dismissed.—Reversed.

All JUSTICES concur.