## 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫

Philip N. Cash v. American Health Insurance Corporation.

August 31, 1962.

Record No. 5450.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ

*Guy E. Daugherty* and *Barry Kantor* (*Charles H. Gordon; Howell, Anninos & Daugherty*, on brief), for the plaintiff in error.

*Bryan B. Palmer*, for the defendant in error.

I'Anson, J., delivered the opinion of the court.

Philip N. Cash, plaintiff, brought this action to recover under a group hospital, medical and surgical expense insurance policy issued by the defendant, American Health Insurance Corporation, on all city of Hampton, Virginia, employees and members of their families, on which one-half of the premiums were paid by the city. Trial by jury was waived and the case was heard on an agreed statement of facts. The trial court held that the plaintiff was precluded from re-

covering under an exclusion clause in the insurance contract and entered judgment for the defendant, and the plaintiff is here on a writ of error.

The contract contains the following exclusionary language:

"NOT COVERED ITEMS OF EXPENSE FOR HOSPITAL CARE shall be construed to include

\* \* \* \* \* \* \*

"(2) expense occasioned by injury arising out of, or in the course of, employment to the extent it is the *statutory liability* of the employer of the Insured or Member \* \* \*." (Emphasis added.)

It appears from the record that the plaintiff was injured in an automobile accident, as the result of the negligence of a third party, while in the course of his employment as a police officer for the city of Hampton. He was covered under the provisions of the Workmen's Compensation Act, Title 65, Code of 1950, as amended, and his hospital and doctors' bills, in the amount of $4,027.23, were paid by the city's compensation carrier. Subsequently, the plaintiff received a settlement for damages, which included the hospital and doctors' bills, from the third party tort-feasor, and out of this sum, as required by Code § 65-39, he reimbursed the compensation carrier the amount it had paid.

The plaintiff argues that the exclusion provision in the contract does not bar his recovery because he had reimbursed the city's compensation carrier the amount of the hospital and doctors' bills paid by it and thus the city had been relieved of the "statutory liability" imposed on it by the provisions of the Workmen's Compensation Act. The contention is without merit.

This argument is similar to that made in the case of *Moeller* v. *Associated Hospital Service*, 304 N. Y. 73, 106 N. E. 2d 16, in which the facts are almost identical with those of the case at bar. There the contract excluded liability for hospital service "provided for under any Compensation Law." The insured was injured in the course of his employment, had his hospital expenses paid by his employer through its compensation carrier, and thereafter brought a third-party action against the tort-feasor. He obtained a settlement against which the compensation carrier enforced its lien for the amount it had paid for the hospital expenses. The trial court held that since the compensation carrier had been reimbursed from the proceeds of settlement it had no longer "provided" the hospital service and therefore the insurer was liable on the contract. In reversing

this ruling the court said that the exclusion did not require that the hospital service be provided, but only that it be "provided for" under the Compensation Law, concluding that to adopt plaintiff's view would give him a windfall and allow recovery for hospital expenses which he had never in fact paid.

It is true that in the *Moeller* case the Associated Hospital Service was not strictly an insurance company, but the same rules governing the construction of insurance contracts are applicable. *Wenthe v. Hospital Service, Incorporated, of Iowa*, 251 Iowa 765, 100 N. W. 2d 903, 905.

It is not unusual to find clauses in public liability and hospital service insurance contracts excluding benefits or liability for injuries covered by the Workmen's Compensation Laws. In a number of cases, language, more or less similar to the exclusion clause now before us, has been held to exclude benefits or liability for injuries covered by Workmen's Compensation Laws and other compensation statutes. *Bonney v. Citizens' Mut. Auto Ins. Co.*, 333 Mich. 435, 53 N. W. 2d 321, 323, 324; *State Farm Mut. Auto. Ins. v. Rice*, 205 Tenn. 344, 326 S. W. 2d 490, 491; *Kosick v. Hospital Service Corp.*, 12 Ill. App. 2d 291, 139 N. E. 2d 619; *Slomovic v. Tennessee Hospital Service Association*, 46 Tenn. App. 705, 333 S. W. 2d 564; *Sinai Hospital of Detroit v. Welborn*, 357 Mich. 625, 99 N. W. 2d 553; *Wenthe v. Hospital Service, Incorporated, of Iowa, supra.* See also annotations 27 A. L. R. 2d 946, and 81 A. L. R. 927, 936, § 7.

The Workmen's Compensation Act of Virginia provides that an employer who comes under the Act shall pay, or cause to be paid, compensation within certain specified limits to an employee who has been injured while in the course of his employment, unless he has forfeited his right to benefits under Code § 65-35. Sections 65-51 and 65-52, Code of 1950, as amended. The compensation benefits required to be paid include hospital and medical expenses. Code § 65-85, as amended; *Merrimac Anthracite Coal Corp. v. Showalter*, 158 Va. 227, 230, 231, 163 S. E. 73, 74. This statutory duty on the employer is mandatory and it is not affected by the fact that the employee is injured while in the course of his employment through the fault or negligence of a third party. *Feitig v. Chalkley*, 185 Va. 96, 102, 38 S. E. 2d 73, 75, 76.

In the present case the plaintiff never lost the protection of the statutory benefits of hospital and medical care and other compensation by seeking recovery from the tort-feasor. If he had not obtained a settlement of his claim for damages against the third party he still

would have had the right to the benefits under the Workmen's Compensation Act. Even if he had reduced his claim to an unsatisfied judgment he would not have been barred from compensation from his employer. *Noblin* v. *Randolph Corporation*, 180 Va. 345, 358, 23 S. E. 2d 209, 214; *Stone* v. *Helme Co.*, 184 Va. 1051, 1058-1059, 37 S. E. 2d 70, 73.

The language of the exclusion clause in the insurance contract precludes the plaintiff from recovery in this action. The plaintiff was injured while in the course of his employment and he was entitled to benefits under the Workmen's Compensation Act. The city recognized its liability to the plaintiff under the Act, and through its compensation carrier paid his hospital and doctors' bills. The reimbursement to the insurance carrier of the expenses paid by it was required under the Act since the plaintiff recovered from the wrongdoer an amount which included the hospital and medical expenses. There is nothing in the language of the exclusionary clause which nullifies the liability of the city and allows recovery on the policy where reimbursement has been made. The argument of the plaintiff overlooks the fact that the exclusion clause does not read that there will be an exclusion to the extent the hospital, medical and surgical expense is *paid by the employer*, but to the extent it is *the statutory liability of the employer to pay*.

Moreover, it is obvious that the city did not intend to provide its employees with a group hospitalization and medical expense policy for injuries sustained in the course of their employment, on which it paid one-half of the premiums, while at the same time it was required to provide a duplicate coverage under the Workmen's Compensation Act. It is clear from the language of the exclusion clause that the insurance contract was to cover city employees injured while "off-the-job". This conclusion is strengthened by the fact that the group policy also covered the members of the employees' families.

The exclusion clause is not ambiguous. It clearly excludes from coverage under the policy hospital, medical and surgical benefits when the employer is under a statutory liability to provide similar benefits to the insured.

For the reasons stated the judgment of the trial court is

*Affirmed.*