FILCEK *v.* CATHOLIC KNIGHTS INSURANCE SOCIETY

INSURANCE—FRAUDULENT APPLICATION—RECOVERY OF BENEFITS.
The falsity of a statement made in an application for disability insurance can prevent recovery of benefits by the applicant only if such false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer (CLS 1961, § 500.2218).

Appeal from Bay, Dardas (Leon R.), J. Submitted Division 3 April 2, 1968, at Lansing. (Docket No. 3,204.) Decided November 25, 1968. Leave to appeal denied February 18, 1969. 381 Mich 802.

Complaint by Eva Filcek against Catholic Knights Insurance Society, a foreign fraternal benefit society, to recover money due on a policy of insurance. Judgment for defendant. Plaintiff appeals. Affirmed.

*Carras & Carras,* for plaintiff.

*Fischer, Sprague, Franklin & Ford (Ralph H. Houghton, Jr.,* of counsel), for defendant.

PER CURIAM. This is a civil action for damages brought by plaintiff beneficiary on a disability and sickness policy issued by defendant on April 10,

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur, Insurance § 723.

1962.  The insured, plaintiff's husband, had received extensive medical treatment between December 5, 1961, and April 3, 1962, for stomach ailments.  Three months after the issuance of the policy, the insured was hospitalized and filed a claim under the policy, which was denied by defendant.

The case was tried by the court without a jury, and defendant affirmatively pleaded and presented evidence during trial which tended to show that the insured falsely represented on the policy application that he did not suffer from any ailments and had not consulted with or been treated by a physician within five years of the application date.

This appeal by plaintiff tests the sufficiency of evidence to support the trial court's findings that the insured made false and fraudulent representations on the insurance application, the defendant relied on them, and the false representations materially affected the risk and hazards assumed by the defendant.  See CLS 1961, § 500.2218 (Stat Ann 1968 Cum Supp § 24.12218).

Although the testimony is conflicting as to whether defendant was informed, through its agents, by the insured of any prior medical history, the record clearly supports the findings of the trial judge. *Houghton* v. *Roberts* (1959), 357 Mich 223; *Sinai Hospital of Detroit* v. *Welborn* (1959), 357 Mich 625.

Judgment affirmed.  Costs to appellee.

LESINSKI, C. J., and T. G. KAVANAGH and FOLEY, JJ., concurred.