## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Cheryl L. McIntosh,
David Robert McIntosh,
John David McIntosh, infant, etc.,
and Don McIntosh, infant, etc.

v.

The Prudential Ins. Co. of Am.
and Nationwide Mutual Fire Ins. Co.

July 2, 1970

Case No. 2298

By JUDGE A. CHRISTIAN COMPTON

The court has decided that the defendant Prudential is entitled to be reimbursed for the amount paid by it to the plaintiffs for medical expenses as a result of injuries received in the motor vehicle collision of December 22, 1968.

At issue is whether the defendant Prudential is entitled to a refund of sums paid to the plaintiffs for medical expenses under a group insurance policy when the plaintiffs have received payment for such expenses as the result of a settlement made with the person causing the accident in question and the resulting injuries to the plaintiffs.

The plaintiffs were all covered by a group plan accident and health insurance policy issued by Prudential covering employees of National Cash Register Company and their dependents. Under the policy which is the subject of this litigation, Prudential paid $1,375.00. Additional amounts were paid to the plain-

tiffs under another group plan which is not involved herein. Prudential's policy and the amendments thereto provide in part as follows:

> Exclusions – In addition to any exclusions provided elsewhere in this Certificate, no benefits shall be payable under the Surgical and Medical Expense Insurance provisions of the Group Policy for charges incurred for the following services:. . .
>
> 7. Services in connection with an injury or disease to the extent to which a payment or payments as a judgment, settlement or otherwise are made by any person or persons considered responsible for such condition or by their insurers;
>
> If, after benefits have been paid by the Insurance Company on account of charges incurred for services, it is determined that any service, supply, payment or benefit has been provided from any person or other source referred to above, and as a consequence the Surgical and Medical Expense Insurance provisions of the Group Policy did not cover all or a portion of such charges incurred, the Insurance Company will be entitled to a refund from the Employee of the amount paid by it under said provisions which is in excess of the benefits which would have been payable based on the charges actually covered by said provisions.

The plaintiffs recovered through a settlement made on behalf of the negligent party sums sufficient to pay medical bills paid by Prudential to the plaintiffs under the group policy in question.

The sole question before the court is the validity of the above policy provisions. The plaintiffs and the defendant Nationwide agree that if Prudential is entitled to its claimed refund, that the plaintiffs

are entitled to recover from Nationwide, which had medical payments coverage on the vehicle occupied by the plaintiffs.

The defendant Nationwide argues that by its terms the policy provisions aforesaid are an attempted agreement of assignment from the plaintiffs to Prudential of a part of the plaintiffs' claim against the tortfeasor and that such provisions are therefore invalid because a claim for bodily injury is not assignable in Virginia, citing City of Richmond v. Haynes, 203 Va. 102, 106 (1961); Winston v. Gordon, 115 Va. 899, 915 (1914); and Nationwide v. Cox, decided by this Court in 1965.

These provisions do not constitute an attempted assignment. As applied to the cases relied on by Nationwide, an assignment (or subrogation, as the plaintiffs refer to the Prudential policy provisions) operates to "transfer from one person to another a cause of action against a third." 203 Va. 109; 2A M.J., Assignments, Section 3, page 172. The language of the Prudential exclusions aforesaid is plain and unambiguous. Such provisions do not purport to transfer from the plaintiffs to Prudential any cause of action they have against the tortfeasor as was the situation in the Haynes and Cox cases relied on by Nationwide. The provisions merely excluded from coverage any loss under the surgical and medical expense portion of the group policy when such loss has been paid as a result of a settlement. The provisions also provide for a refund to Prudential of its payments made when payment for the services to the insured has been provided by virtue of the settlement. Such a provision in a policy of this type is valid and will be enforced when not ambiguous. Cash v. Health Insurance Corp., 203 Va. 719 (1962).

It is apparent from the policy provision that the group insurer intended to provide against unnecessary double coverage under these circumstances. Such group plans typically provide that coverage will not be extended when the member's medical expenses are paid from some source other than the member's own resources.

Anno. 81 A.L.R.2d 927, 936. See also Anno. 27 A.L.R.2d 946 and Anno. 47 A.L.R.2d 1240 which discuss similar exclusions found in health and accident or hospital and medical expense policies as they affect the rights of those who have received or have the right to receive workmen's compensation benefits.

For these reasons, Prudential is entitled to its claimed repayment in the amount of $1,375.00.